(No. 38810.—

The Village of Creve Coeur, Appellant, *vs.* The Industrial Commission *et al.*—(Kenneth Scott, Appellee.)

*Opinion filed March 18, 1965.—Rehearing denied May 19, 1965.*

Cassidy & Cassidy, of Peoria, (John E. Cassidy, Sr. of counsel) for appellant.

Wilbur D. Dersch, of Peoria, for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

This is an appeal from the order of the circuit court of Tazewell County confirming the decision of the Industrial Commission which affirmed the arbitrator's award to the claimant, Kenneth Scott. The amount of the award is not

in dispute, and this case presents only the question of whether a volunteer fireman was an employee of a village under the Workmen's Compensation Act, or, stated differently, whether the relationship between the village and the injured man was that of employer and employee as required by the statute.

The claimant, Kenneth Scott, was regularly employed as district manager for an insurance company with earnings between $6,000 and $7,000 per year. He was also a volunteer fireman listed on the village roster, and during a fire the night of March 27, 1961, stepped off a fire truck and injured his left foot. The appellant, Village of Creve Coeur, maintains that there was no contract of hire between the village and the claimant and that as a matter of law he was not an employee under the Workmen's Compensation Act.

The evidence is undisputed concerning the circumstances of claimant's relationship to the village. The village did not employ a full-time fire chief or firemen; however, it owned and maintained a fire truck and equipment and maintained a roster of 29 volunteers. Each volunteer was paid a standard fee of $3 when he appeared at a fire. The amount never varied and was the same irrespective of the length or nature of the fire, and was the total compensation. Nothing was withheld for income or social security taxes. Whether or not a volunteer would attend a fire call would depend on his availability, and the volunteer was under no requirement to appear at any specific fire call. When firemen were on a fire call detail they were subject to the orders of a fire chief, and the village board of Creve Coeur had the power to discharge or dismiss a fireman. The Village of Creve Coeur maintains payroll records showing payment to firemen as employees. Further, the village at the time of the accident carried a workmen's compensation policy on village employees, which policy specifically covered "firemen, including drivers".

The Workmen's Compensation Act applies automatically to incorporated villages in the State of Illinois. Section 1(b) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1963, chap. 48, par. 138.1), defines the term "employee" as used in the act and provides that the term shall be construed to mean every person in the service of an incorporated village under appointment or contract of hire, express or implied, oral or written, except any official and except any duly appointed member of the fire department or police department in any city whose population exceeds 200,000.

Although there was no express written contract of employment between the village and the claimant, none is required by the statute. The controlling question presented is whether there was any contract of hire, express or implied, oral or written.

The award of the arbitrator entered March 4, 1963, after a hearing on the evidence presented, found that Kenneth Scott sustained an injury arising out of and in the course of his employment, and the award was confirmed by the Commission. The established rule is that it is the province of the Industrial Commission to draw reasonable conclusions and inferences from evidentiary facts in workmen's compensation proceedings and the courts are not privileged to substitute their judgment for findings of the Industrial Commission unless they are manifestly contrary to the weight of the evidence. *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32; *Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236; *Hunter Packing Co.* v. *Industrial Com.* 1 Ill.2d 99.

The courts have repeatedly held that there is no single fact that controls the existence or nonexistence of an employment relationship. But many factors, such as the right to control the manner in which the work is done, the method of payment, the right to discharge, the skill required in the work done, and the furnishing of tools, material and equip-

ment, have evidentiary value and must be considered. (*Henn* v. *Industrial Com.* 3 Ill.2d 325.) In the case of *Meyer* v. *Industrial Com.* 347 Ill. 172, the court held that in determining that the relationship of master and servant exists, it is essential that the control of the servant includes the power to discharge.

We have for some time considered policemen to be employees of a city or village. (*City of Metropolis* v. *Industrial Com.* 339 Ill. 141; *Marshall* v. *City of Pekin,* 276 Ill. 187.) In the case of *Johnson* v. *Industrial Com.* 326 553, we held that a policeman, appointed by the village board, was an employee and not an official under the Workmen's Compensation Act and further indicated that every person in the service of such village who is not an official should be determined to be an employee. The law of Illinois does not specifically or by implication, preclude firemen from the benefits of the Workmen's Compensation Act.

Firemen have been considered employees and entitled to benefits under a Workmen's Compensation Act in the following jurisdictions: *City of Huntington* v. *Fisher,* 220 Ind. 83, 40 N.E.2d 699; *Carothers* v. *City of Stanton,* 257 Mich. 107, 241 N.W. 178; *Stevens* v. *Village of Nashwauk,* 161 Minn. 57 (1924) 200 N.W. 927; and *City of Burlington* v. *Pieters,* 195 Wis. 536, 218 N.W. 816.

We have carefully considered the record before us with regard to the facts surrounding the relationship between the claimant and the village and cannot conclude that the findings of the Industrial Commission are clearly and manifestly contrary to the weight of the evidence. The fact that claimant was compensated for his services, was subject to the control of the fire chief with regard to the manner in which the work was done, was furnished tools, material and equipment by the village, and was subject to discharge by the village board, clearly support the finding of the employer-employee relationship. Furthermore, we have some

indication that the village itself considered the claimant as an employee in that it listed volunteer firemen as employees on its payroll.

For the reasons stated the judgment of the circuit court of Tazewell County confirming the decision of the Industrial Commission is affirmed.

*Judgment affirmed.*