Mitchell HAYES et al., Appellee,

v.

Charles J. MORSE et al., Appellants,

and

Midwest Haulers, Inc.

No. 72–1526.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1973.

Decided March 12, 1973.

Alan M. Levy, Milwaukee, Wis., for appellant.

Burton H. Shostak, St. Louis, Mo., for appellee.

Before GIBSON and ROSS, Circuit Judges, and BENSON, Chief District Judge.

PER CURIAM.

This is an appeal from a declaratory judgment rendered on Plaintiffs' motion, under Rule 57, Federal Rules of Civil Procedure, in a proceeding brought under 28 U.S.C. § 2201.

The appellees, owner/operators of highway tractors have, for several years, driven for Midwest Haulers, Inc., a company engaged in the trucking business. By reason of this association with Midwest, the appellees applied for pension fund benefits from the appellant, Central States, Southeast and Southwest Areas Pension Fund ("The Fund"), a trust fund jointly administered by an equal number of employees with union trustees, in accordance with Section 302(c) of the Taft-Hartley Act, 29 U.S.C. 186(c). Midwest is signatory to a Participating Agreement with The Fund. Payments in behalf of the owner/operators had been made to the Fund.

The Fund trustees declined to pay pension benefits to the owner/operators, determining that they were not employees within the meaning of the Pension Plan. The District Court, 347 F. Supp. 1081, found the trustees' determination was arbitrary, unsupported by substantial evidence, and erroneous on a question of law under the general common law test incorporated in Article I, Section 7(d) of the Plan, which provided:

"In all instances, the common law test, or the applicable statutory definition of master-servant relationship shall control."

The issue presented for review was stated by the appellant, to-wit:

"The Court erred in holding that the Defendant Pension Fund Trustees acted arbitrarily and improperly when they determined that Plaintiffs were not employees for purposes of receiving pension benefits . . ."

The appeal relates only to that part of the judgment of the District Court which determined that Appellees Shoemaker, Martin and Hayes were entitled to pension benefits.

 The District Court found that substantial control of the owner/operators was in the hands of Midwest. Route assignments were delegated by Midwest and no deviation was allowed. The owner/operators could work for no one else and, in fact, were subject to call for work by Midwest during the interim they were not driving. The owner/operators were expressly forbidden to have a substitute drive their trucks unless such substitute had been approved by Midwest. Midwest financed the owner/operators' tractors, deducting payments from their mileage payments. The tractors carried Midwest's name and I.C.C. identification number. The Court concluded that Appellees Shoemaker, Martin and Hayes were employees entitled to pension benefits and ordered judgment entered accordingly.

 The essential characteristics of master and servant relation is the retention by the employer of the right to *direct* and *control* the manner in which the work shall be performed. Fruco Const. Co. v. McClelland, 192 F.2d 241, 244 (8th Cir. 1951). This 'right to control' test was early enunciated by Judge Learned Hand as being the "degree to which the principal may intervene to control the details of the agent's performance", Radio City Music Hall Corp. v. United States, 135 F.2d 715, 717 (2nd Cir. 1943).

The Illinois cases dealing with this issue are in accord. See Henn v. Industrial Comm., 3 Ill.2d 325, 121 N.E.2d 492 (1954); Village of Creve Coeur v. Industrial Comm., 32 Ill.2d 430, 206 N.E. 2d 706 (1965); Standard Accident Insurance Co. v. Industrial Comm., 39 Ill. 2d 172, 233 N.E.2d 543 (1968).

The judgment of the District Court is affirmed.