(No. 52238.-

ESTHER GLADSTONE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Glencoe Park Recreation District, Appellee).

*Opinion filed March 21, 1980.*

Harold A. Liebenson, of Chicago, for appellant.

Louis J. Cohn, of Cohn, Lambert & Ryan, Ltd., of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The employee, Esther Gladstone, appeals from the order of the circuit court of Cook County confirming the Industrial Commission's affirmance of the arbitrator's finding that the employee is entitled to $393 from the employer, Glencoe Park Recreation District, for necessary medical expenses incurred but that she failed to prove she sustained any disability as a result of her accidental injury for which compensation is payable. There is no dispute that the employee suffered an injury arising out of and in the course of the employment relationship. The only issue is whether the Industrial Commission's decision is against the manifest weight of the evidence. Review is sought pursuant to our Rule 302(a). 73 Ill. 2d R. 302(a).

The employee, a bookkeeper for the Glencoe Park Recreation District, was injured on September 21, 1971, at approximately 7 p.m., when she slipped down 10 to 12 stairs. She felt pain in her legs and body, and her legs were bleeding. She did not see a doctor, as recommended by her supervisor, until September 27, 1971. From September 27 until December 8 the employee was treated six times by Dr. David Littman for injuries to her right great toe. She also complained of pain in her right arm. Dr. Littman advised her to see an orthopedic surgeon due to the continued swelling in the toe. The employee began seeing Dr. Irving Wolin, an orthopedic surgeon who had previously treated her. He began treating her toe in February 1972 but did not begin treating her right arm until June 1972, nine months after her accident. The employee complained of numbness in her right arm and restricted movement of her right hand.

At the arbitration hearing on May 27, 1974, the

employee initially failed to recall repeated injuries and treatment to her right arm and hand prior to the September 21, 1971, injury. However, on cross-examination she recalled suffering injuries to either her right shoulder, arm, or hand in 1956, 1957, 1966 and 1969, after being confronted with her treating doctor's records. The employee's witness, Dr. Wolin, testified that he had treated various injuries to the employee's right arm and hand beginning in 1956. In 1958, Dr. Wolin diagnosed the employee as having recurrent epicondylitis, the same condition that he diagnosed following the 1971 injury. The last injury treated by Dr. Wolin before the injury in question was to the employee's right hand and arm in July 1969. Also, he treated the employee for numerous injuries to her lower extremities, including her right great toe, between 1956 and 1971.

Following the arbitration hearing, the employee was hospitalized and surgery was performed on her right wrist on June 18, 1975, and again in April 1976. At the Industrial Commission proceeding the employee complained of limited mobility of her right wrist. There was testimony by Dr. Lawrence Ferguson, the employee's surgeon, that there was a causal relationship between the accident in question and the employee's condition. However, on cross-examination Dr. Ferguson testified that the condition of the employee's right arm may have existed before September 21, 1971. The Industrial Commission affirmed the arbitrator's decision.

As we have stated on numerous occasions, this court will not set aside a finding of the Industrial Commission unless the finding is contrary to the manifest weight of the evidence. (*A.O. Smith Corp. v. Industrial Com.* (1976), 65 Ill. 2d 224.) In the case before us the employee contends that the Industrial Commission's finding is against the manifest weight of the evidence because her testimony was uncontradicted and the employer presented no medical witnesses. The employee's contention ignores the

existence in the record of her numerous failures to recall repeated injuries and treatment to her right arm and hand prior to September 21, 1971, and to the testimony elicited on cross-examination from her medical witnesses concerning the possibility of the employee's condition stemming from occurrences prior to September 21, 1971. The Commission may draw reasonable inferences from both direct and circumstantial evidence, and these permissible inferences will not be disregarded because other inferences might be drawn. (*County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10.) It is within the province of the Industrial Commission to draw inferences from the evidence, resolve conflicting testimony, determine the credibility of witnesses, and decide whether the claimant has met the burden of proof. (*Scott v. Industrial Com.* (1979), 76 Ill. 2d 183.) Thus, the Industrial Commission's finding of no disability resulting from the accident will not be disturbed, since the record does not show this determination to be contrary to the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*