(No. 55893.—

RAGLER MOTOR SALES, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (James Pasley, Appellee).

*Opinion filed November 18, 1982.*

Joseph F. Bartley III, of Bartley, Fraser, Parkhurst, Hession & Renner, of Peoria, for appellant.

Ronald Hanna, of Hamm & Hanna, Ltd., of Peoria, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

An arbitrator for the Industrial Commission awarded the claimant, James Pasley, compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*). The Commission affirmed the award of benefits, and on *certiorari* the circuit court of Peoria County confirmed the decision of the Industrial Commission. On appeal to this court, pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)), the employer, Ragler Motor Sales, of Peoria, contends that the employer-employee relationship between it and the claimant did not exist at the time of the accident.

There was conflicting testimony given before the arbitrator. Matthew L. Ragler, the proprietor of Ragler Motor Sales, testified that he employed the claimant to perform various odd jobs in his business for approximately the past 10 years. Although he had no arrangement with the claimant about the terms of employment, his practice was to pay him exclusively by check on an hourly basis for work completed. He also withheld taxes and social security. On October 27, 1978, Ragler gave the claimant his last paycheck, and permanently terminated his employment. Ragler further testified that on Wednesday, November 15, 1978, the claimant appeared at his place of business around 4:30 p.m., and volunteered to attend an auto auction held on Wednesday evenings in Tremont. Ragler frequently attended this auction for the purpose of purchasing used cars, depending on the market for such cars in his business. The parties always considered the attendance by the claimant at the auto auc-

tion as a separate job from the claimant's other duties as an employee, and Ragler customarily paid the claimant $10 in cash. Ragler testified that this payment was only made, however, if he purchased a vehicle at the auction, and if the claimant drove it back to the Ragler car lot. Ragler also stated that, at the auction, the claimant was not responsible for test driving or otherwise evaluating the used cars which Ragler was considering purchasing and did not participate in the decision to purchase a particular vehicle.

Further testifying, Ragler said that while he was at the auto auction on the evening of the accident he decided to test drive a used car, and the claimant volunteered to ride along with him. His purpose in test driving this vehicle was to ascertain whether it had a faulty transmission before deciding whether to buy it. While test driving this automobile, a collision occurred with another automobile. James Pasley and Matthew L. Ragler were both injured, as was the driver of the other automobile. Claimant's injuries sustained in this accident are the subject of claimant's workmen's compensation claim.

Ragler, however, had made statements inconsistent with much of the above testimony in an earlier deposition in a related civil case. In the deposition, Ragler testified that he and the claimant did, in fact, have an oral employment agreement which provided the claimant either was on a straight salary, since he was on call at any time, or was periodically paid on an hourly basis for the time which he worked at the garage. Contrary to his testimony before the arbitrator, Ragler further testified in his deposition that the claimant still was employed by him to perform various odd jobs on November 15, 1978, and the claimant also was separately employed to assist him on the trip to Tremont, which resulted in the automobile accident. Indeed, Ragler said that he had a prior oral agreement with the claimant that he would compen-

sate him by a cash payment of $10 for making this trip, even if he did not actually drive a car back to Ragler's used car lot. Moreover, although Ragler was questioned in the civil deposition about the time period he employed the claimant, he failed, upon inquiry, to mention that he discharged the claimant prior to the accident.

The claimant, on the other hand, testified that Ragler Motor Sales employed him to perform various odd jobs for approximately the past 20 years. The parties had an oral employment agreement pursuant to which the claimant was compensated on an hourly basis, usually by check, but occasionally by cash. The claimant testified he had never been discharged by Ragler, and he worked at the car lot on the date of the accident.

Claimant further testified that near the end of the working day Ragler mentioned to the claimant that he was going to the Tremont Auto Auction that evening to see whether he could purchase a few cars. Claimant said that in the past he frequently attended these auctions with his employer according to a verbal agreement which provided he would be paid $10 to make the trip. This payment was in consideration for driving to Tremont, and it was paid regardless of whether Ragler bought any automobiles. Claimant said that at the auction he was to offer advice to Ragler about the conditions, marketability, and necessary repairs which the vehicles would require to be marketable. Additionally, the claimant frequently test drove cars.

The claimant, moreover, testified that, after he test drove several automobiles on the evening in question, Ragler suggested that he accompany him as a passenger on a test drive of a vehicle which was suspected of having a faulty transmission. During this test drive, the claimant and Ragler discussed the transmission problem. On the way back to the Tremont Auto Auction, the accident occurred.

This court has held that no rigid rule of law governs in determining whether an employer-employee relationship exists. The answer in each situation depends on the facts of the particular case. (*Henry v. Industrial Com.* (1952), 412 Ill. 279.) The right of the employer to control the way in which the work is performed is an important factor in determining whether the claimant is an employee or independent contractor. (See *O'Brien v. Industrial Com.* (1971), 48 Ill. 2d 304.) The court has also considered other factors in determining whether the claimant is an employee, including the level of skill required, the work schedule, whether compensation is on a time basis or by the job, the source of materials and tools, and the right to discharge. (*Morgan Cab Co. v. Industrial Com.* (1975), 60 Ill. 2d 92, 97.) Moreover, because the theory of workmen's compensation legislation is that the cost of industrial accidents should be borne by the consumer as a part of the cost of the product, this court has held that a worker whose services form a regular part of the cost of the product, and whose work does not constitute a separate business which allows a distinct channel through which the cost of an accident may flow, is presumptively within the area of intended protection of the compensation act. Thus, this court has recently attributed increased significance to the nature of the work performed in relation to the general business of the employer. *Kirkwood v. Industrial Com.* (1981), 84 Ill. 2d 14, 22; *Alexander v. Industrial Com.* (1978), 72 Ill. 2d 444; *Coontz v. Industrial Com.* (1960), 19 Ill. 2d 574, 578; see also 1C A. Larson, Workmen's Compensation sec. 43.51, at 8—17 (1980).

In applying these legal standards, when the evidence is conflicting and the facts are subject to diverse interpretations, it is within the province of the Industrial Commission to draw inferences from the evidence, ascertain the credibility of witnesses, evaluate conflicting testimony, and resolve whether the claimant has met his

burden of proof. (*C. Iber & Sons, Inc. v. Industrial Com.* (1980), 81 Ill. 2d 130, 136; *Eagle Sheet Metal Co. v. Industrial Com.* (1980), 81 Ill. 2d 31; *Phelps v. Industrial Com.* (1979), 77 Ill. 2d 72; *Keystone Steel & Wire Co. v. Industrial Com.* (1978), 73 Ill. 2d 290.) On review, a court will uphold the determinations of the Industrial Commission in these areas unless they are against the manifest weight of the evidence. *Gladstone v. Industrial Com.* (1980), 79 Ill. 2d 236; *Scott v. Industrial Com.* (1979), 76 Ill. 2d 183.

In this case, it is our opinion that the finding of the Commission that the claimant was an employee is not against the manifest weight of the evidence, and we therefore affirm the circuit court of Peoria County. Ragler controlled and had the right to control the manner in which the work was to be performed, and he had the authority to supervise the activities of the claimant during his attendance at the auto auction. Although Ragler withheld no income tax or social security, this court has found this factor not to be controlling. See *Kirkwood Brothers Construction v. Industrial Com.* (1978), 72 Ill. 2d 454, 460.

Ragler, moreover, testified before the arbitrator that he retained the absolute right to discharge the claimant. Indeed, he claimed to have exercised this right several weeks before the date of the accident. Further, Ragler testified that he considered the purchase of used cars at the auto auction as part of his business, and this job necessarily included transporting the automobiles back from the auction to Ragler's car lot. While the testimony may conflict on some of these points, the inference could be drawn by the Commission that the claimant was an employee. This inference is not contrary to the manifest weight of the evidence. The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*