CHICAGO HOUSING AUTHORITY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Eddie McCann, Appellee).

First District (Industrial Commission Division)   No. 1—92—1105WC

Opinion filed December 30, 1992.

Roddy, Power, Leahy, Guill, Zima & Gifford, Ltd., of Chicago (Alan D. Kalinoski, of counsel), for appellant.

Cullen, Haskins, Nicholson & Menchetti, P.C., of Chicago (George J. Cullen, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The appellee, Eddie McCann (the claimant), filed an application for adjustment of claim pursuant to the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*) contending he suffered injuries while employed by the appellant, the Chicago Housing Authority (the CHA). The CHA asserted the claimant was not an employee of the CHA at the time of the incident. The arbitrator found an employer/employee relationship existed and awarded benefits. The Commission affirmed, the circuit court confirmed and the CHA appeals contending the finding of an employer/employee relationship is against the manifest weight of the evidence.

In July of 1984, the claimant was employed by the Chicago police department (CPD) as a police officer. The claimant testified that on July 11, 1984, he was off duty from his regular employment with the CPD. However, he was working part time for the CHA special employment program (the program). While pursuing a suspect in a CHA building that day he fell and suffered injuries to his leg, foot and back.

According to the claimant, the CHA special employment program was initiated by the CPD. Officers were asked to work on their days off patrolling the public housing developments. The officers filled out applications for the positions. The claimant testified this employment was separate and distinct from his duties as a Chicago police officer, and that he worked two or three days a month in this position. The claimant's regular beat was in the area of the housing development.

While working for the program, his activities were directed by a Chicago police supervisor, who the claimant believed was also working under the program. The claimant wore his Chicago police officer's uniform while on this job. He received a separate paycheck for his work in the program, though like his police pay, it was also from the City of Chicago. His hourly pay rate was the same as that received as a police officer.

Before the arbitrator, the claimant offered a copy of an intergovernmental cooperative agreement between the CHA and the City of Chicago entered through the Department of Police dated August 7, 1987. (It was apparently unclear what type of agreement existed at the time of the incident in the instant case.) Over CHA objection, the agreement was admitted. Under the agreement, the CHA was to reimburse the CPD for wages paid to the officers working in the program.

Citing the agreement, the arbitrator found the claimant was an employee of the CHA on July 11, 1984, and awarded benefits. The Commission affirmed in a summary decision and the circuit court confirmed. The CHA appeals.

On appeal, the sole issue raised by the CHA is its contention that the Commission's finding of an employer/employee relationship is against the manifest weight of the evidence.

■ The Act defines an employee as "[e]very person in the service of another under any contract of hire, express or implied, oral or written." (Ill. Rev. Stat. 1989, ch. 48, par. 138.1(b)(2).) Consistent with the philosophy of the Act, which assumes that a worker is gainfully employed at the time of his injury, it is generally recognized that a true employer/employee relationship does not exist in the absence of the payment or expected payment of consideration in some form by the employer to the employee. (*Board of Education v. Industrial Comm'n* (1972), 53 Ill. 2d 167, 290 N.E.2d 247.) Although the definition of "employee" contained in the Act is to be broadly construed, there can be no employer/employee relationship and therefore no liability under the Act in the absence of a contract for hire, express or implied. *Crepps v. Industrial Comm'n* (1949), 402 Ill. 606, 85 N.E.2d 5.

■ No rigid rule of law governs the determination of whether an employer/employee relationship exists and that determination depends on the facts of the particular case. (*Ragler Motor Sales v. Industrial Comm'n* (1982), 93 Ill. 2d 66, 442 N.E.2d 903.) No single fact controls, and such factors as the right to control the manner in which the work is done, the method of payment, the right to discharge, the skill required and work done, and the furnishing of tools, material and equipment must be considered. (*Village of Creve Coeur v. Industrial Comm'n* (1965), 32 Ill. 2d 430, 206 N.E.2d 706.) The findings of the Commission will not be disturbed on appeal unless they are contrary to the manifest weight of the evidence. *Hebeler v. Industrial Comm'n* (1991), 207 Ill. App. 3d 391, 565 N.E.2d 1035.

■ In the instant case, we find the Commission erred in finding an employer/employee relationship existed between the claimant and the CHA. The record shows the claimant was under the control of the CPD at all times. The claimant applied to the CPD for the position. The claimant was paid through the CPD, he wore his CPD uniform while working at the CHA, and CPD vehicles were used.

The CPD paid all the claimant's medical bills for the injuries he sustained in the July 11, 1984, incident. He was also paid his full salary while he was recovering from his injuries. The agreement relied

on by the arbitrator was not entered into until three years after the incident in this case. The claimant failed to prove the type of arrangement which existed between the CHA and the CPD on July 11, 1984. The claimant had the burden of proving the employer/employee relationship. *B.W. Sales Co. v. Industrial Comm'n* (1966), 35 Ill. 2d 418, 220 N.E.2d 405.

Viewing the record as a whole, we find the Commission's determination of an employer/employee relationship was against the manifest weight of the evidence. The claimant failed to show an employer/employee relationship with the CHA. We find that the claimant was an employee of the Chicago police department at the time of his injury on July 11, 1984.

Therefore, the judgment of the circuit court of Cook County and the decision of the Industrial Commission are reversed.

Reversed.

McCULLOUGH, P.J., and RAKOWSKI, WOODWARD, and RARICK, JJ., concur.