DOUGLAS VANCE, Plaintiff-Appellant, v. DINATHA WENTLING, Defendant-Appellee.

Second District   No. 2—92—0954

Opinion filed September 7, 1993.

Louis E. Olivero, of Louis E. Olivero & Associates, of Peru, for appellant.

Timothy D. McMahon and John F. O'Reilly, both of Wiedner & McAuliffe, of Chicago, for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiff, Douglas Vance, appeals from an order of the circuit court of Lee County dismissing his action against defendant, Dinatha Wentling, pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1992)). In his two-count complaint, plaintiff alleged that an injury he sustained while working at Raynor Manufacturing Company (Raynor) was aggravated when defendant, a licensed practical nurse employed by Raynor, directed him to return to work. On appeal, plaintiff contends that the exclusive remedy provisions of the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)) are inapplicable to his common-law action against defendant based on intentional tort and professional malpractice theories and, accordingly, the trial court erred in dismissing the action pursuant to the Act.

In his complaint, plaintiff alleged that on or about October 14, 1989, while plaintiff was employed in Raynor's shipping department, he injured his left arm while loading a truck. Plaintiff consulted his personal physician, who advised plaintiff to undergo whirlpool treatments and not to return to work for two weeks. Thereafter, defendant, in her capacity as a plant nurse, instructed plaintiff to submit to a medical examination by a physician in Dixon, Illinois. This physician concurred with the recommendations of plaintiff's personal physician. Contrary to the recommendations of both physicians, defendant directed plaintiff to return to work in the shipping department, where while performing his assigned duties on October 26, 1989, plaintiff suffered further injury to his left arm. Count I of the plaintiff's complaint sought recovery under an intentional tort theory, and count II asserted a theory of professional malpractice.

Defendant moved to dismiss the action pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1992)) on the basis of section 5(a) of the Act (820 ILCS 305/5(a) (West 1992)) and defendant's affirmative allegation that plaintiff had previously entered into a settlement with Raynor of his worker's compensation claims arising from the injury to his arm. The trial court granted the motion to dismiss, and following the denial of plaintiff's motion to reconsider, plaintiff timely filed this appeal.

■ We first address plaintiff's contention that the trial court erred in dismissing count I of his complaint which, according to plaintiff, asserts an intentional tort theory. Section 5(a) of the Workers' Compensation Act (Act) (820 ILCS 305/5(a) (West 1992)) provides, in pertinent part:

"No common law or statutory right to recover damages from the employer *** or the agents or employees of *** [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***."

Plaintiff argues that this provision does not bar a common-law action against a co-employee seeking recovery for injuries that were intentionally inflicted. While plaintiff devotes a considerable portion of his initial brief to the discussion of decisions in Illinois and other jurisdictions which so hold, we find no controversy as to this proposition. The appellate court addressed the issue of a co-employee's liability for an intentional tort in *Jablonski v. Multack* (1978), 63 Ill. App. 3d 908. The *Jablonski* court observed:

"[T]he socially beneficial purpose of the workmen's compensation law was not meant to permit a person who commits an intentional tort to use the compensation law as a shield against liability [citation]. Moreover, in view of the fact that benefits under the Act are paid from employers' premiums as a means of spreading the cost of hazards of the work place [citation], we do not believe the legislature intended that an intentional tortfeasor could shift his liability for his acts to such a fund.

We hold, therefore, that an employee who commits an intentional tort may not raise the Act as a bar to an action for damages by a fellow worker." 63 Ill. App. 3d at 915.

In *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, our supreme court adopted the reasoning in *Jablonski* and expressly held that the exclusive remedy provisions of the Act do not bar employees from pursuing a common-law action against co-employees for injuries arising out of intentional torts. According to the court, "[t]he co-employee should not be permitted to assert that the plaintiff's injuries were accidental and therefore barred under the exclusivity provisions of the Act, when he himself committed the intentional tort." 139 Ill. 2d at 472.

Defendant acknowledges this principle, but maintains that dismissal of this lawsuit (which was filed on October 3, 1991) was nonetheless proper because plaintiff previously applied for worker's compensation benefits and thereafter entered into a lump sum settlement contract (which referred to both October 14 and October 26, 1989, as the dates of onset of disability) with his employer which was approved by the Industrial Commission on September 27, 1991. In support of this argument, defendant relies upon our supreme court's decision in

*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229. In *Collier*, the plaintiff brought a common-law action for intentional infliction of emotional distress based upon treatment he received at his place of employment after being stricken with chest pains. Named as defendants were the plaintiff's employer and a nurse or medical attendant employed by plaintiff's employer. The plaintiff had previously entered into a settlement agreement, which was approved by the Industrial Commission, releasing his employer from all liabilities under the Workmen's Compensation Act in exchange for a lump sum payment. After concluding that the employer could not be held liable for the intentional conduct of its employee since the employer did not direct, encourage or commit an intentional tort (81 Ill. 2d at 239), the court turned to the question of whether the action could be maintained against the nurse. The court stated:

> "[W]e have never considered whether a suit could be brought against a coemployee for civil damages for an intentional tort arising out of and in the course of employment. It is not necessary that we address that question here, for we deem that where an employee injured by a coemployee has collected compensation on the basis that his injuries were compensable under the Act, the injured employee cannot then allege that those injuries fall outside the Act's provisions. We base this conclusion not only upon a fear of double recovery [citation], but also upon our desire to prevent the proliferation of litigation. [Citation.] Since this plaintiff has collected compensation pursuant to an agreement executed in lieu of a claim and approved by the Industrial Commission, giving that settlement the status of an award [citations], he is now precluded from suing for civil damages." 81 Ill. 2d at 241-42.

See also *Fregeau v. Gillespie* (1983), 96 Ill. 2d 479; *Copass v. Illinois Power Co.* (1991), 211 Ill. App. 3d 205, 210-11 (observing that "[o]nce the employee takes the express position that the injury is compensable under the Act, he is subsequently barred from taking the mutually exclusive position that the injury was intentional," but holding that employee's widow's acceptance of payments voluntarily tendered by employer, with no action taken before the Industrial Commission, was "not a clear and unequivocal act evidencing an assertion that the death is compensable under the Act," and did not bar her action against her husband's employer and co-employee); *James v. Caterpillar Inc.* (1993), 242 Ill. App. 3d 538 (receipt of worker's compensation benefits barred common-law action against employer for intentional tort allegedly committed by employer); *Mijatov v. Graves* (1989), 188

Ill. App. 3d 792 (plaintiff who filed worker's compensation claim against employer, which was settled, was precluded by the doctrine of judicial estoppel from taking position in common-law action against co-employee that her injury did not occur in the course of her employment, notwithstanding plaintiff's contention that her employer never admitted that the injury occurred in the course of employment and the matter was never adjudicated by the Industrial Commission).

When our supreme court ultimately decided in *Meerbrey* that section 5(a) of the Act does not bar common-law actions against co-employees to recover for intentional torts, the court was careful to note that the plaintiff had not obtained compensation under the Act, and thus the rule set forth in *Collier* did not bar his common-law action. Accordingly, the decision in *Meerbrey* does not undermine the authority of *Collier* with regard to the circumstances of the case at bar. Thus, while the Act does not provide the exclusive remedy for an individual injured as a result of a co-employee's intentional conduct, the injured individual is, in effect, bound to an election of remedies upon receiving compensation under the Act. See *Carrillo v. Hamling* (1990), 198 Ill. App. 3d 758, 762.

■ Here, as in *Collier*, plaintiff has entered into a settlement of all claims under the Act and has secured the Industrial Commission's approval of the settlement. Accordingly, the trial court correctly found that under *Collier* plaintiff could not proceed with his common-law action against defendant.

Plaintiff has inexplicably taken the position that *Collier* only stands for the proposition that a plaintiff who has collected worker's compensation benefits may not proceed in a common-law action against his or her employer. As defendant points out, and as our discussion above illustrates, *Collier* clearly involved the plaintiff's common-law action against his co-employee. Plaintiff's argument in this respect flies in the face of the clear language of *Collier*. Plaintiff also argues that the trial court erred in relying on *Collier* since that decision did not resolve the precise question of whether the Act's exclusivity provisions bar a common-law action against a co-employee for intentionally inflicted injuries. As previously noted, the court found it unnecessary to address the issue because of its holding that, regardless of whether such an action could otherwise be maintained, the plaintiff was barred from proceeding against his co-employee when the plaintiff had already obtained compensation through a settlement (of his worker's compensation claims) which was submitted to, and approved by, the Industrial Commission. The case at bar is indistinguishable from *Collier* in this respect.

Plaintiff also suggests that *Collier* is distinguishable from the case at bar because the facts recited by the court establish that the plaintiff in *Collier* had not actually alleged an intentional tort. Plaintiff contends that in *Collier* the plaintiff's allegations, as described in the text of the opinion, were couched in terms of simple negligence. This argument is meritless as it is abundantly clear that the court assumed for purposes of its decision that a cause of action for an intentional tort had been stated. Indeed, at the beginning of the opinion the court states, "[a]t issue in this appeal is whether, *assuming the plaintiff's allegations are sufficient to constitute a cause of action for the intentional infliction of emotional distress,* such a cause of action will lie against the employer and coemployee defendants in view of [the exclusivity provisions of the Workmen's Compensation Act]." (Emphasis added.) (*Collier,* 81 Ill. 2d at 232.) In effect, plaintiff is merely suggesting an alternative basis upon which our supreme court might hypothetically have decided *Collier*. Obviously, we have no power to rewrite the decision in *Collier* simply to suit plaintiff's desire to avoid its adverse precedential effect. Accordingly, the trial court committed no error in dismissing count I of plaintiff's complaint.

■ Plaintiff next contends that the trial court erred in dismissing count II of his complaint, which asserted a theory of professional malpractice. Relying primarily on cases from other jurisdictions, plaintiff argues that under the "dual capacity" doctrine an injured employee may maintain a professional malpractice action against a co-employee who is a health care professional, or that, alternatively, defendant, as a health care professional, should be viewed as an independent contractor not protected by the Workers' Compensation Act's exclusivity provisions. Defendant initially responds that plaintiff failed to raise this argument before the trial court and has therefore waived the argument on appeal. Issues not raised in the trial court are deemed waived and cannot be argued for the first time on appeal. (*In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 278; *In re Estate of Kirk* (1993), 242 Ill. App. 3d 68, 72.) Plaintiff protests that he did in fact raise the issue below. In particular, plaintiff notes that during the hearing on defendant's motion to dismiss his attorney stated that plaintiff pleaded in count II of his complaint that defendant "acted as a medical professional and was negligent in the care that she provided." Plaintiff also notes that he relied on the decision in *Huntoon v. Pritchard* (1939), 371 Ill. 36, during the proceedings below.

In *Huntoon,* our supreme court allowed a common-law action to proceed against an independent physician who allegedly was negligent in treating an injury the plaintiff sustained on the job. The court ob-

served that the exclusivity provisions of the Workmen's Compensation Act "apply only to the right of the employee against his employer and have no reference to the liability of third persons causing injury to the employee." (371 Ill. at 43.) Since the defendant in *Huntoon* was not a co-employee of the injured plaintiff, that case is clearly inapposite to the case at bar and is no authority for the arguments plaintiff advances on appeal. Plaintiff's argument on appeal based upon the "dual capacity" doctrine and cases from other jurisdictions permitting actions against co-employees acting as health-care professionals bears no resemblance to the arguments advanced during the proceedings below. Accordingly the issue is waived.

For the foregoing reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

BOWMAN and COLWELL, JJ., concur.