LISA R. WREN, Plaintiff-Appellant, v. THE REDDICK COMMUNITY FIRE PROTECTION DISTRICT *et al.*, Defendants-Appellees (Lucretia A. Moulton, Defendant).—CATHY J. FOILES, Plaintiff-Appellant, v. WILLIAM R. MIKESKA *et al.*, Defendants-Appellees (Lucretia A. Moulton, Defendant).

Third District    Nos. 3—02—0214, 3—02—0226 cons.

Opinion filed February 26, 2003.

HOLDRIDGE, J., specially concurring.

Joseph R. Yurgine (argued), of Kankakee, for appellant Lisa R. Wren.

Stephen H. DiNolfo (argued) and Shawn P. Flaherty, both of Ottosen, Trevarthen, Britz, Kelly & Cooper, Ltd., of Wheaton, for appellees William R. Mikeska and Reddick Community Fire Protection District.

JUSTICE SLATER delivered the opinion of the court:

Plaintiffs Lisa Wren and Cathy Foiles, volunteer firefighters, filed suit after the fire truck they were riding on was involved in an accident. The trial court granted summary judgment in favor of defendants Reddick Community Fire Protection District (the District) and William Mikeska. Plaintiffs' appeals were consolidated by this court. We reverse and remand.

## Facts

On September 27, 1998, a brushfire was reported in Livingston County, Illinois. The District, along with other area fire departments, responded to the fire. Soon after arriving, one of the District's fire trucks left due to the apparently mistaken belief that the truck needed more water to fight the fire. Defendant Mikeska drove the truck while Wren and Foiles stood on the running boards along the side of the truck. The fire truck was subsequently involved in a collision at an intersection with a car driven by defendant Lucretia Moulton. Wren and Foiles filed suit against the District, Mikeska and Moulton seeking damages for their injuries sustained in the accident.

Soon after the accident, plaintiffs' medical bills began to be paid by the District's workers' compensation insurance carrier, Liberty Mutual Insurance Company. Liberty eventually paid $33,974.37 to 15 medical providers on behalf of Wren, and $49,344.18 to 22 medical

providers on behalf of Foiles. Foiles also received temporary total disability (TTD) payments for $64^5/7$ weeks, totaling $9,568.68.

Wren filed her initial complaint against defendants, alleging negligence and wilful and wanton misconduct, in February of 1999; Foiles filed her complaint in March of 1999. Both plaintiffs also filed claims for workers' compensation benefits shortly before the statute of limitations for such claims was about to expire: Wren filed on August 30, 2001; Foiles filed on September 25, 2001.

Defendants filed motions for summary judgment on the basis, *inter alia*, that plaintiffs' complaints were barred by the exclusive remedy provision of the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1998)). Following a hearing, the trial court granted defendants' motions, stating:

> "THE COURT: Now as to Miss Foiles she acknowledges applying for and has received benefits under the [Workers' Compensation] [A]ct. And since she gets no alternative relief by virtue of willful and wanton on the parties defendant, she has no standing to pursue a common law claim. And the motion for summary judgment entered by the Defendants involving Miss Foiles is allowed.
>
> Now we take a look at Miss Wren. *There has been suggested that there is a genuine issue of material fact in the Wren case as to whether or not she's employed. That's not really the issue here.* Did Miss Wren apply for and receive Workers' Comp Act benefits? If she applied and it's suggested that she applied only to protect her potential rights, well maybe so, maybe not. But she did accept approximately $34,000 in medical benefits from the employer's insurer. Did she give it back? I don't think so. She accepted benefits, albeit not TTD, but she did get her meds, 34 thousand in change worth. She didn't give it back. Maybe she didn't apply until sometime during or after having received these meds, but I don't think that that's really critical in this particular instance. Because she, too, has filed for, chronology notwithstanding, and accepted medical benefits. *And having done so, I suggest that her employee status is not at issue.* She took the money." (Emphasis added.)

Immediately thereafter, counsel for Wren asked the court whether the court was making a finding that Wren and Foiles were "employees" under the Workers' Compensation Act. The court responded:

> "THE COURT: The Court would rule that by virtue of both of them having accepted benefits under the Workers' Comp Act that I would classify both of them without further ado as employees.
>
> MR. YURGINE [Wren's counsel]: Okay. [B]ecause of the fact that they accepted benefits.
>
> THE COURT: Exactly.
>
>                  * * *

THE COURT: They both accepted benefits and they both applied for benefits. And the willful and wanton issue doesn't have to be dealt with. The exclusivity clause bars any common law claim even for willful and wanton conduct. That's my ruling and I would ask the movant's [sic] to prepare the appropriate orders."

## Analysis

■ Summary judgment is appropriate when the pleadings, depositions, admissions, affidavits and exhibits on file, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998); *Petrovich v. Share Health Plan of Illinois, Inc.*, 188 Ill. 2d 17, 719 N.E.2d 756 (1999). Because it is a drastic means of disposing of litigation, summary judgment should not be allowed unless the moving party's right to judgment is clear and free from doubt. *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 662 N.E.2d 397 (1996). A trial court's ruling granting summary judgment is subject to *de novo* review. *Petrovich*, 188 Ill. 2d 17, 719 N.E.2d 756; *Busch*, 169 Ill. 2d 325, 662 N.E.2d 397.

■ We initially note that, perhaps because of the trial court's comment that it would "classify both [plaintiffs] without further ado as employees," most of the parties' efforts and arguments on appeal have been misdirected. The issue is not whether plaintiffs, as volunteer firefighters, are employees of the District for purposes of the Workers' Compensation Act. The determination of whether there is an employer-employee relationship is ordinarily a question of fact (*Saldana v. Wirtz Cartage Co.*, 74 Ill. 2d 379, 385 N.E.2d 664 (1978); *Pearson v. Industrial Comm'n*, 318 Ill. App. 3d 932, 743 N.E.2d 685 (2001)), unless there is no conflict in the evidence and only one conclusion can reasonably be drawn (*Pearson*, 318 Ill. App. 3d 932, 743 N.E.2d 685). Although the fact that plaintiffs are *unpaid* volunteers weighs heavily toward a finding that plaintiffs are not employees (see *Board of Education of the City of Chicago v. Industrial Comm'n*, 53 Ill. 2d 167, 290 N.E.2d 247 (1972) (employer-employee relationship generally does not exist in the absence of payment or consideration in some form)), "[t]he courts have repeatedly held that there is no single fact that controls the existence or nonexistence of an employment relationship" (*Village of Creve Coeur v. Industrial Comm'n*, 32 Ill. 2d 430, 432, 206 N.E.2d 706, 708 (1965)). A proper determination of employee status requires consideration of such additional factors as the right to control the manner in which the work is done, the right to discharge, the skill required to do the work, and the furnishing of tools, material and equipment. *Creve Coeur*, 32 Ill. 2d 430, 206 N.E.2d 706.

■ Accordingly, a ruling by the trial court that plaintiffs were employees simply because they accepted workers' compensation benefits would be erroneous as a matter of law. Of course, such a ruling would also be inconsistent with the court's earlier comments that employee status was "not at issue." Nevertheless, it is the correctness of the court's decision, not its rationale, that is at issue on appeal. *In re Marriage of Lange*, 307 Ill. App. 3d 303, 717 N.E.2d 507 (1999). Here, that decision was to grant summary judgment to the defendants on the basis that plaintiffs had applied for and accepted workers' compensation benefits. A substantial body of case law exists supporting such a ruling. See *Fregeau v. Gillespie*, 96 Ill. 2d 479, 451 N.E.2d 870 (1983); *Rhodes v. Industrial Comm'n*, 92 Ill. 2d 467, 442 N.E.2d 509 (1982); *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 408 N.E.2d 198 (1980); *Wells v. Enloe*, 282 Ill. App. 3d 586, 669 N.E.2d 368 (1996); *Zurowska v. Berlin Industries, Inc.*, 282 Ill. App. 3d 540, 667 N.E.2d 588 (1996); *Vance v. Wentling*, 249 Ill. App. 3d 867, 619 N.E.2d 902 (1993); *Miller v. Miller*, 167 Ill. App. 3d 176, 521 N.E.2d 229 (1988). As explained in *Wells*:

> "Our supreme court has clearly ruled that an injured employee who applies for and accepts workers' compensation benefits, whether through a settlement or an award, cannot thereafter also recover civil damages from the employer for the same injury. Where an injured employee collects benefits on the basis that his injures are compensable under the Workers' Compensation Act, that employee cannot thereafter properly allege that those same injuries fall outside the provisions of the Workers' Compensation Act. [Citation.] The rationale behind the rule is to prevent double recovery and the proliferation of litigation. [Citation.]
>
> However, there is nothing to prevent the cautious employee from filing a common law action at the same time the claim for workers' compensation benefits is pending. [Citation.] Nevertheless, if the employee receives payment from the employer for those injuries, whether through settlement, judgment, or award and whether in the common law action or in the workers' compensation action, he is thereafter precluded from also receiving an award from the employer for the same injury in the alternative forum." *Wells*, 282 Ill. App. 3d at 596-97, 669 N.E.2d at 375-76.

Plaintiffs argue that they are not precluded from filing suit, despite having accepted workers' compensation benefits, because they are not *employees* of the District. In plaintiffs' view, the exclusive remedy provision of the Workers' Compensation Act does not apply to one not subject to the Act.

We believe that plaintiffs construe the above-cited cases too narrowly. In *Miller* the plaintiff contended that his acceptance of workers'

compensation benefits should not preclude him from filing a lawsuit because he was an independent contractor, not an employee. The court rejected plaintiff's argument, finding that his employment status had been conclusively determined by his actions in the workers' compensation action. *Miller*, 167 Ill. App. 3d at 179-80, 521 N.E.2d at 231. In *Collier* the court stated that "where an employee *** has collected compensation on the basis that his injuries were compensable under the Act, the injured employee cannot then allege that those injuries fall outside the Act's provisions. We base this conclusion not only upon a fear of double recovery [citation], but also upon our desire to prevent the proliferation of litigation." *Collier*, 81 Ill. 2d at 241, 408 N.E.2d at 204.

■ In other words, applying for and accepting benefits under the Act does not transform a nonemployee into an employee. Instead it acts as a form of estoppel, denying a plaintiff who has availed herself of the benefits of the Act from thereafter asserting that she falls outside its reach. See *Esposito v. Dior Builders*, 274 Ill. App. 3d 338, 653 N.E.2d 921 (1995); *Paluch v. Dever*, 243 Ill. App. 3d 334, 612 N.E.2d 36 (1993). Nevertheless, "the voluntary acceptance of workers' compensation payments, without any affirmative act to seek those benefits, does not necessarily operate to bar the recovery of civil damages against the employer or coemployee." *Wells*, 282 Ill. App. 3d at 597, 669 N.E.2d at 376, citing *Copass v. Illinois Power Co.*, 211 Ill. App. 3d 205, 569 N.E.2d 1211 (1991).

In *Copass* plaintiff's husband was killed while working on a gas pipeline. Plaintiff was subsequently informed by her husband's employer that she was eligible for workers' compensation benefits. Plaintiff thereafter received weekly death benefits and payment for funeral expenses totaling more than $21,000. Although plaintiff never filed a claim for benefits, her attorney contacted the claim supervisor, questioning how he had calculated the average weekly wage under the Act. The *Copass* court held that plaintiff's receipt of benefits did not bar her wrongful death action, stating:

> "We hold the uninitiated payments plaintiff accepted from Illinois Power are not sufficient to constitute her election to the benefits provided by the Act. Simply accepting voluntary payments from Illinois Power, without taking any affirmative action before the Commission, is not a clear and unequivocal act evidencing an assertion that the death is compensable under the Act. To hold otherwise would allow employers to send payments to injured parties or bereaved families, characterize the payments as workers' compensation benefits, and terminate any option the employee or family might have to avoid the exclusivity-of-remedy rule under the Act." *Copass*, 211 Ill. App. 3d at 211-12, 569 N.E.2d at 1215.

■ Similarly in this case, the benefits received by the plaintiffs in the form of payment of medical bills and TTD payments were made voluntarily by the District's insurance carrier. Foiles filed an affidavit averring that neither she nor her attorney had solicited or requested the benefits she received. Wren likewise testified at her deposition that she had not requested payment of her medical bills. Under such circumstances, we believe that mere acceptance of the unsolicited benefits offered by the District was insufficient to bar plaintiffs' common law claims.

Moreover, we do not believe that plaintiffs have foregone their right to sue by filing workers' compensation claims in 2001. In *Rhodes* our supreme court stated that while a person may not recover payment from an employer by means of both a workers' compensation claim and a common law action, "there is nothing to prevent a cautious employee who has a pending workmen's compensation claim from also filing a common law action, if he is uncertain of his ground for recovery, so as to toll the statute of limitations." *Rhodes*, 92 Ill. 2d at 471, 442 N.E.2d at 511. Conversely, we believe that nothing should prohibit a cautious plaintiff with a pending lawsuit from also filing a workers' compensation claim to avoid the bar of the statute of limitations. That is precisely what plaintiffs did in this case.

In summary, a party who seeks and accepts workers' compensation benefits is prohibited from subsequently filing suit against the provider of those benefits. This rule applies even where the party receiving benefits is not an employee. One may not reap the benefits of the Act and then deny its applicability. However, a party may accept benefits voluntarily offered, and may even file a claim for benefits to protect her rights. It is only when one actively seeks benefits and obtains them as a result of those efforts that she is barred from pursuing a common law claim. Therefore the trial court erred in granting summary judgment to the defendants.

For the reasons stated above, the judgments of the circuit court are reversed and these causes are remanded for further proceedings.

Reversed and remanded.

McDADE, P.J., concurs.

JUSTICE HOLDRIDGE, specially concurring:

I agree that the trial court's judgment should be reversed. I write separately, however, because I believe the majority's analysis is overly convoluted.

When granting defendants' motions for summary judgment, the

trial judge made comments supporting two bases for barring plaintiffs' common law actions: (1) that plaintiffs were employees for workers' compensation purposes, and thus subject to the exclusive remedy provision of the Workers' Compensation Act, merely because they accepted workers' compensation benefits; and (2) that plaintiffs elected a workers' compensation remedy regardless of whether an employment relationship existed. Neither of these bases is valid.

First, merely accepting workers' compensation benefits does not render someone an employee for purposes of the Workers' Compensation Act. Employment status depends on various factors like remuneration, the right to control, the right to discharge, the skills required, and who furnished the equipment. *Village of Creve Coeur v. Industrial Comm'n*, 32 Ill. 2d 430 (1965). Second, the election of remedies doctrine does not bar a common law action if the plaintiff merely accepted unsolicited workers' compensation benefits. See *Copass v. Illinois Power Co.*, 211 Ill. App. 3d 205 (1991). That is all the instant plaintiffs did. As the majority aptly notes, plaintiffs cannot be faulted for their subsequent caution in filing workers' compensation claims as the limitations deadline approached.

For these simple reasons, the trial judge's bases for granting summary judgment were invalid.