BETTY MIJATOV, Plaintiff-Appellant, v. FRANKLIN GRAVES, Defendant-Appellee.

Second District   No. 2—89—0037

Opinion filed September 8, 1989.—Rehearing denied October 27, 1989.

Thomas J. Tartaglia, of River Grove, and Bryan J. O'Connor, Jr., of Nevoral & Corrigan, Ltd., of Chicago, for appellant.

Glen E. Amundsen, of Querrey & Harrow, Ltd., of Waukegan, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Betty Mijatov, appeals from a summary judgment entered in the circuit court of Lake County, in favor of defendant, Franklin Graves. Plaintiff raises one issue on appeal: whether an employee who has entered into a lump-sum settlement agreement of a worker's compensation claim may recover damages from a co-worker in a common-law tort suit.

Plaintiff filed a three-count complaint alleging that defendant and plaintiff were employed by the Illinois Tollway Authority (Tollway Authority) and that while they were at work, defendant kicked plaintiff, injuring her. Count I alleged that the act was intentional; count II alleged that it was willful and wanton; and count III alleged that it was negligently committed.

Defendant filed a motion for summary judgment on the basis that the incident occurred while plaintiff and defendant were on a paid break; that plaintiff was in the course of her employment at the time the incident occurred; and that plaintiff filed for and collected worker's compensation as a result of her injury. Defendant argued that plaintiff was precluded from suing for civil damages since plaintiff had already collected compensation for her injury under the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*). Defendant submitted excerpts from plaintiff's discovery deposition in which she admitted that she filed the worker's compensation claim in the belief that the injury occurred in the scope of her employment and that she recovered $4,000 from worker's compensation. Defendant also submitted a copy of the settlement agreement entered into between plaintiff and the Tollway Authority. The terms of the settlement provided:

"Respondent expressly denied that the Petitioner was injured while working for Respondent on April 24, 1986. In order to forsake further litigation, Respondent offers to pay and Petitioner agrees to accept the sum of $4,000.00 in full and final settlement of all claims relative to an alleged injury of April 24, 1986. Petitioner expressly waives review under Section 19(h) and 8(a) of the Illinois Workmen's Compensation Act."

In her response to the motion, plaintiff argued that her claim was not barred because the Tollway Authority denied that the injury arose in the course of her employment. Plaintiff also argued that her claim should be allowed because she settled for less than her actual medical expenses and was therefore never compensated by the Tollway Authority for her injury. Plaintiff asserted that there was a genuine issue

of material fact regarding whether the injury arose out of the course of her employment. The circuit court granted defendant's motion, and plaintiff timely filed this appeal.

■ Summary judgment should be granted when the pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In deciding a summary judgment motion, the court must construe the pleadings, depositions, and affidavits liberally in favor of the opponent and strictly against the movant. (*In re Estate of Whittington* (1985), 107 Ill. 2d 169, 177.) Summary judgment is an expeditious method of disposing of a lawsuit and should only be allowed when the right of the party moving for summary judgment is free from doubt. (*Kelman v. University of Chicago* (1988), 166 Ill. App. 3d 137, 141.) Although a plaintiff has an affirmative duty to present evidence establishing a cause of action when the defendant moves for summary judgment, the plaintiff is not required to prove his case at that stage. *Knief v. Sotos* (1989), 181 Ill. App. 3d 959, 963.

■ Plaintiff contends on appeal that there is a genuine issue of material fact as to whether she was in the course of her employment when defendant kicked her. An employee who files a claim under the Workers' Compensation Act (Act) is limited by sections 5(a) and 11 of the Act (Ill. Rev. Stat. 1987, ch. 48, pars. 138.5(a), 138.11) to the recovery available under the Act. Section 5(a) of the Act provides in part:

> "No common law or statutory right to recover damages from the employer, his insurer, his broker, *** or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a).)

The Act further limits the employee's remedies as follows:

> "The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer *** for accidental injuries sustained by any employee arising out of and in the course of the employment ***." (Ill. Rev. Stat. 1987, ch. 48, par. 138.11.)

To avoid the effect of these sections, plaintiff would have to prove any of the following: (1) the injury was not accidental; (2) the injury did not arise from the employment; (3) the injury was not received during the course of the employment; or (4) the injury was noncompensable under the Act. *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 237.

■ Injuries inflicted intentionally by a co-worker are accidental and compensable under the Act if the injuries arise out of and in the course of the employment. (*Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 483.) The court in *Fregeau* determined that if an employee has been compensated for an injury under the Act, he cannot recover under a common-law intentional tort suit against a co-worker. *Fregeau*, 96 Ill. 2d at 486.

Under *Collier* and *Fregeau* it is clear that, if plaintiff has already recovered under the Act, she is barred from collecting civil damages from defendant. Plaintiff, however, argues that *Collier* and *Fregeau* are distinguishable because in both of those cases the injured employee "undeniably acknowledged" receiving benefits under the Act, whereas plaintiff does not acknowledge the receipt of benefits. According to plaintiff, this is significant because in spite of her assertion that she was injured in the course of her employment, the Tollway Authority never admitted that allegation and it was therefore never adjudicated by the Industrial Commission. Plaintiff urges us to find that since it was never adjudicated, the question of whether she was injured in the course of her employment existed in the common-law litigation.

■ Plaintiff based her claim for worker's compensation on the position that she was injured in the course of her employment, then assumed the contrary position for the civil suit against defendant. This conduct is prohibited by the rule of judicial estoppel which precludes a party from adopting inconsistent positions in separate legal proceedings. (*Giannini v. First National Bank* (1985), 136 Ill. App. 3d 971, 983.) This doctrine was designed to promote the truth and prevent litigants from deliberately shifting positions to suit the exigencies of the moment. *Department of Transportation v. Coe* (1983), 112 Ill. App. 3d 506, 510.

■ Plaintiff also argues that the exclusivity provisions of the Act do not apply because she did not receive an "award" under the Act, but instead entered into a lump-sum settlement agreement. We find this argument to be without merit. Where a plaintiff has collected compensation on the basis that her injury was compensable under the Act and pursuant to an agreement executed in lieu of a common-law or statutory claim, that lump-sum settlement attains the status of an award, and the plaintiff is precluded from subsequently suing for civil damages. (*Sims v. Teepak, Inc.* (1986), 143 Ill. App. 3d 865, 871.) Plaintiff agreed to the terms of the settlement and the amount of compensation. She cannot now seek additional compensation in a civil suit merely because she agreed to an amount less than she might

have received had the claim been fully adjudicated before the Industrial Commission.

■■ Since plaintiff accepted the award on the basis that her injury arose in the course of her employment, there existed no question of fact in that regard. We therefore conclude that the trial court properly granted summary judgment in favor of defendant.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

NASH and DUNN, JJ., concur.