TRACI LEE PALUCH, Special Adm'r of the Estate of Joseph Paluch, Deceased, Plaintiff-Appellant, v. PETER DEVER, Indiv. and d/b/a Northwest Tuckpointing, *et al.*, Defendants-Appellees (Ronald E. Stackler, Indiv., *et al.*, Defendants).

First District (6th Division)   No. 1—91—1892

Opinion filed February 19, 1993.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Todd A. Smith, and David A. Novoselsky, of counsel), for appellant.

Hinshaw & Culbertson, of Chicago (Stephen R. Swofford, Joseph J. O'Connell, and Gregory B. Bolduc, of counsel), for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Traci Lee Paluch, special administrator of the estate of Joseph A. Paluch, filed a four-count complaint pursuant to the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 1 *et seq.*) on behalf of herself and James Paluch, decedent's minor son, following decedent's accidental death on July 18, 1987. Count II of that complaint sought damages against defendants Peter Dever, individually, and also doing business as Northwest Tuckpointing Corporation, and against Northwest Tuckpointing Corporation (Northwest). Defendants moved for summary judgment, contending that plaintiff filed a worker's compensation claim against Northwest and subsequently received a worker's compensation award; thus, plaintiff's claim in this civil action is barred by *res judicata* and collateral estoppel. Plaintiff appeals from the trial court's grant of summary judgment as to count II, contending that a genuine issue of material fact exists as to decedent's employment status, and also that the trial court failed to properly protect the minor's interests in this matter. (The case is pending in the trial court as to other defendants.)

We adduce the following background from the affidavits, pleadings and documents filed. Prior to initiating this cause of action, plaintiff filed a worker's compensation claim against Northwest on behalf of herself and as next friend of James Paluch, a minor child. In the application for adjustment of claim filed with the Industrial Commission, plaintiff alleged that Northwest was the employer of decedent at the time of the accident in question. On June 27, 1988, the arbitrator issued her memorandum of decision, finding that Northwest was operating under and subject to the provisions of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*), and that the relationship of employee and employer existed between the decedent and Northwest. The arbitrator found that such a relationship existed on the date decedent sustained accidental injuries which resulted in his death, and awarded petitioner the sum of $250,000 ($478.67 per week).

Northwest was in charge of a tuckpointing project on the premises located at 216 West Ohio Street in Chicago. Decedent was employed on a full-time basis by Banner Contracting Company. Sometime during the week preceding the accident, Dever contacted dece-

dent's friend, Lamar Stofko, and asked him to work on a tuckpointing job the following Saturday. Dever indicated that the work would require two people. Stofko contacted the decedent to assist him on the project. Decedent agreed to assist Stofko, and Stofko informed him that he would be paid in cash for the job. While performing the work, decedent fell from a scaffold and sustained injuries which led to his death.

The dispositive issue before this court is whether decedent's employment status at the time of the occurrence is a question of fact to be determined by a jury, notwithstanding the acceptance of worker's compensation benefits by plaintiff.

Initially, we note that summary judgment is appropriate only when pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Burghardt v. Remiyac* (1991), 207 Ill. App. 3d 402, 565 N.E.2d 1049.) In ruling on a summary judgment motion, the trial court must consider all evidence before it and construe it most strictly against movant and liberally in favor of the party against whom the judgment is sought. (*Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 557 N.E.2d 1281.) Summary judgment is an expeditious method of disposing of a lawsuit and should only be allowed when the right of the party moving for summary judgment is free from doubt. (*Kelman v. University of Chicago* (1988), 166 Ill. App. 3d 137, 519 N.E.2d 708.) Although a plaintiff has an affirmative duty to present evidence establishing a cause of action when the defendant moves for summary judgment, the plaintiff is not required to prove his case at that stage. *Knief v. Sotos* (1989), 181 Ill. App. 3d 959, 537 N.E.2d 832.

In her amended complaint here, plaintiff maintained that the decedent was an independent subcontractor handling tuckpointing duties on the premises. However, before the Industrial Commission, plaintiff sought benefits under the Act, contending that an employee-employer relationship existed. Defendants argue that this determination is *res judicata* and that plaintiff should be judicially estopped from contesting this issue in the trial court.

It is undisputed that plaintiff applied for, and was awarded, worker's compensation benefits pursuant to the Act. Section 5(a) of the Act states in pertinent part:

"No common law or statutory right to recover damages from the employer, his insurer, his broker, *** or the agents or employees of any of them for injury or death sustained by any em-

ployee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a).

Relatedly, section 11 of the Act provides in relevant part:

"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer *** for accidental injuries sustained by any employee arising out of and in the course of the employment ***." Ill. Rev. Stat. 1987, ch. 48, par. 138.11.

■ It is well recognized that in an action against an employer or its insurer, section 5(a) requires exclusive resort to the worker's compensation remedy for any injury arising out of and in the course of the employment which is covered by a provision of the Act. (*Robertson v. Travelers Insurance Co.* (1983), 95 Ill. 2d 441, 448 N.E.2d 866; *Hindle v. Dillbeck* (1977), 68 Ill. 2d 309, 370 N.E.2d 165; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434.) To escape the bar of sections 5 and 11 of the Act, plaintiff must demonstrate that the injury (1) was not accidental, (2) did not arise from his or her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act. *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198.

In *Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 451 N.E.2d 870, our supreme court determined that if an employee has been compensated for an injury under the Act, he cannot recover under a common-law intentional tort suit against a co-worker. More recently, in *Mijatov v. Graves* (1989), 188 Ill. App. 3d 792, 544 N.E.2d 809, this court addressed the issue of whether an employee who has entered into a lump-sum settlement agreement of a worker's compensation claim may recover damages from a co-worker in a common law tort suit. Similar to the present case, the plaintiff in *Mijatov* based her claim for worker's compensation on the ground that she was injured in the course of her employment, and then assumed the contrary position in the civil suit against defendant. This court held that any such effort is prohibited.

■ Based upon the principles of *res judicata*, the trial judge here found that plaintiff's election to pursue worker's compensation benefits for the death of the decedent now precludes her from advancing an inconsistent position in the civil litigation as a matter of law. We

concur with that assessment. The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. Further, the bar extends not only to what has actually been determined in the former proceeding, but also to any other matters properly involved by subject matter which could have been raised and determined. (*Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 545 N.E.2d 481.) The proper test to determine identity of causes of action for *res judicata* purposes is whether actions are based upon a common core of operative facts, or whether the same evidence would sustain both actions. (*Landers v. Fronczek* (1988), 177 Ill. App. 3d 240, 532 N.E.2d 265.) In this case, we find that plaintiff's attempt to relitigate the employment issue is barred by *res judicata*, since that action has been conclusively decided before the Industrial Commission.

■ Plaintiff also contends that her acceptance of the worker's compensation settlement was not in the best interest of her minor child, and that his rights were compromised and had not been adequately protected. Under the doctrine established in *Muscarello v. Peterson* (1960), 20 Ill. 2d 548, 170 N.E.2d 564, the court has a duty to see that the rights of an infant are adequately protected, and is bound to notice substantial irregularities even though objections are not properly presented. The *Muscarello* doctrine has been construed to apply in circumstances suggesting either fraud, violation of fiduciary interest, or ineffective assistance of counsel. (*Cogan v. Kal Leasing, Inc.* (1989), 190 Ill. App. 3d 145, 546 N.E.2d 20.) As plaintiff correctly asserts, courts have consistently held that they always have a duty to protect the interests of a minor. *Zimmerman v. Village of Skokie* (1988), 174 Ill. App. 3d 1001, 529 N.E.2d 599; *Burton v. Estrada* (1986), 149 Ill. App. 3d 965, 501 N.E.2d 254.

However, in the present case, there is no indication that the best interests of the minor were overlooked, or that the court abrogated its duty to protect the minor's interest. Review of the record reveals that plaintiff pursued the worker's compensation claim with due diligence and was represented by counsel. She accepted a settlement of $250,000 on behalf of herself and the child, and shall receive bimonthly payments of the award for the duration of the child's minority. The arbitrator at the Industrial Commission approved this settlement. As pointed out by defendants, the minor's status should not

allow him to have his case retried several times, under various theories, to determine which one will yield the largest return.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RAKOWSKI and GIANNIS, JJ., concur.