2016 IL App (1st) 153233

SIXTH DIVISION
Opinion filed: June 17, 2016

No. 1-15-3233

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| WILLIAM MARQUEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2013 L 011856 |
| | ) | |
| MARTORINA FAMILY, LLC, and IPSA | ) | |
| CORPORATION, Individually, | ) | |
| | ) | |
| Defendants-Appellees | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| (Salvatore Martorina, Defendant). | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1     The plaintiff, William Marquez, filed the instant action seeking damages for injuries he suffered on November 2, 2011, while assisting in roof repairs on a commercial building. On October 21, 2015, the circuit court granted the separate motions for summary judgment filed by Martorina Family, LLC, and IPSA Corporation (IPSA), and the plaintiff has appealed. For the reasons which follow, we affirm the summary judgment entered in favor of Martorina Family,

LLC, reverse the summary judgment in favor of IPSA, and remand this cause to the circuit court for further proceedings.

¶ 2    On November 2, 2011, the plaintiff was assisting in roof repairs on a building located at 2833 West Chicago Avenue, Chicago, Illinois (building), when he was struck in the head by a falling piece of lumber. The plaintiff's four-count first amended complaint in the instant action alleged that the building was owned by Martorina Family, LLC, that IPSA was the general contractor for the work being performed at the building on the date of the his injury, and that he was employed by Centro Development, Inc. (CENTRO), working at the building at the time of his injury pursuant to an oral agreement entered into between CENTRO and IPSA.

¶ 3    The plaintiff filed a claim with the Illinois Workers' Compensation Commission (Commission) against CENTRO, seeking benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2010)) by reason of the injuries he suffered on November 2, 2011 (workers' compensation claim). On July 2, 2012, the Commission approved a "Settlement Contract Lump Sum Petition and Order" (settlement contract) signed by the plaintiff, his attorney, and the attorney representing CENTRO. The caption of the settlement contract is "WILLIAM MARQUEZ, Employee/Petitioner v. CENTRO DEVELOPMENT AND IPSA CORPORATION/SALVATORE MARTORINA[,] Employer/Respondent." The settlement contract provides, in relevant part, that

> "[a]s a compromise adjustment, to avoid further litigation, Respondent offers and the Petitioner [the plaintiff] agrees to accept the total sum of $12,500.00, representing compensation for 5% loss of use of the person as a whole and disputed medical bills and disputed temporary disability, in full settlement of all claims of any nature arising out of the alleged accident of November 2, 2011,

including but not limited to all claims for injuries known and unknown, all claims for additional future temporary total disability, all claims for past or future medical, surgical or hospital treatments."

The settlement contract also states that all elements of the claim are disputed, "including the employer/employee relationship" and goes on to provide that "[t]he parties intend that this settlement releases both [CENTRO] and IPSA *** from any and all workers' compensation liability resulting from the allegations made by the Claimant [the plaintiff] in relationship to the accident date of November 2, 2011."

¶ 4    On October 28, 2013, the plaintiff filed the instant action against Salvatore Martorina, Martorina Family, LLC, and IPSA (collectively referred to as the "defendants"), seeking damages for injuries he sustained while working at the building on November 2, 2011. The plaintiff's four-count first amended complaint was grounded in allegations of negligence on the part of each of the defendants.

¶ 5    On June 17, 2014, Salvatore Martorina filed a motion to be dismissed as a party defendant which the circuit court granted on October 25, 2014. The plaintiff has not appealed from that order, and, as a consequence, Salvatore Martorina is not a party to this appeal.

¶ 6    On April 10, 2015, Martorina Family, LLC, filed a motion for summary judgment supported by the depositions of the plaintiff, Salvatore Martorina, and Richard Sowinski, one of IPSA's supervisory employees. Martorina Family, LLC, argued that the evidentiary material submitted in support of its motion established that it did not retain sufficient control over the plaintiff or the work being performed at the building on November 2, 2011, to support the imposition of any duty of care upon it for the plaintiff's safety, and, as a consequence, it was entitled to the entry of a judgment in its favor as a matter of law.

¶ 7    On May 7, 2015, IPSA also filed a motion for summary judgment. That motion was supported by the depositions of the plaintiff; Salvatore Martorina; Sowinski; Joseph Serafin, another of IPSA's supervisory employees; and Stewart Munoz, the president of CENTRO. The motion was also supported by Munoz's affidavit. IPSA argued that, at the time of his injury, the plaintiff was its temporary or borrowed employee, on loan from CENTRO, and, as a result, the plaintiff's action against it is barred pursuant to section 5(a) of the Act (820 ILCS 305/5(a) (West 2010)) and the terms of the settlement contract.

¶ 8    The plaintiff responded to both motions for summary judgment supported by his own deposition testimony and the deposition testimony of Salvatore Martorina, Sowinski, and Munoz. The plaintiff argued that genuine issues of material fact exist on the questions of his status as a borrowed employee of IPSA and whether Martorina Family, LLC, retained sufficient control over the work being performed at the building at the time of his injury to impose upon it a duty of care for his safety under the retained control exception to section 414 of the Restatement (Second) of Torts (Restatement (Second) of Torts § 414, at 387-88 (1965)).

¶ 9    On October 21, 2015, the circuit court entered a written memorandum opinion and order, granting both motions for summary judgment. As to Martorina Family, LLC's motion for summary judgment, the circuit court found that there are no genuine issues of fact on the questions of whether Martorina Family, LLC, retained control over the work being performed at the building at the time of the plaintiff's injury, whether it exercised any such control, or whether it had actual or constructive notice of any unsafe condition which resulted in the plaintiff's injuries. Consequently, the circuit court found that Martorina Family, LLC, owed no duty to the plaintiff upon which liability for his injuries could be predicated. As to IPSA's motion for summary judgment, the court found that, although the evidentiary material on file discloses a

genuine issue of fact on the question of the plaintiff's actual status as a borrowed employee of IPSA at the time of his injury, the plaintiff is, nevertheless, barred from recovering damages in an action at law against IPSA by reason of his having settled his workers' compensation claim pursuant to a settlement contract which lists IPSA in the caption as his employer and which, by its terms, releases IPSA from any and all workers' compensation liability. This appeal followed.

¶ 10 Although the plaintiff's notice of appeal states that he is appealing from the circuit court's order of October 21, 2015, granting the "Defendants' Motions for Summary Judgment," in his brief filed in the instant appeal, the plaintiff addresses only the propriety of the summary judgment entered in favor of IPSA and did not present any argument addressed to the summary judgment entered in favor of Martorina Family, LLC. As a consequence, any claim of error in the granting of Martorina Family, LLC's motion for summary judgment has been forfeited pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016), and we, therefore, affirm the summary judgment in favor of Martorina Family, LLC.

¶ 11 In urging reversal of the summary judgment entered in favor of IPSA, the plaintiff argues that, because a genuine issue of fact exists on the question of his status as a borrowed employee working for IPSA at the time of his injury, the circuit court erred in granting summary judgment in favor of IPSA based upon the exclusive remedy provision of the Act. See 820 ILCS 305/5(a) (West 2010). He contends that the fact that he entered into the settlement contract disposing of his workers' compensation claim does not act as a bar to his right to recover damages against IPSA in a negligence action if IPSA was not his employer at the time of his injury.

¶ 12 Summary judgment is an appropriate means of disposing of a cause of action where the pleadings, depositions, admissions, together with the affidavits on file, viewed in a light most favorable to the nonmoving party, demonstrate the absence of a genuine issue of material fact

and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2014); *Coleman v. East Joliet Fire Protection District*, 2016 IL 117952, ¶ 20. We review a circuit court's order granting summary judgment *de novo. Id.*

¶ 13    Contrary to the plaintiff's assertion, the circuit court did not assume that IPSA was his employer. As noted above, the circuit court specifically found that, based upon the evidentiary material before it, a genuine issue of fact exists on the question of the plaintiff's status as a borrowed employee of IPSA at the time of his injury. Nevertheless, the circuit court still found that the plaintiff's negligence action against IPSA was barred under the exclusive remedy provision of the Act (see 820 ILCS 305/5(a) (West 2010)) by reason of his having entered into the settlement contract resolving his workers' compensation claim.

¶ 14    Section 5(a) of the Act provides, in relevant part that: "No common law *** right to recover damages from the employer, *** other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act." 820 ILCS 305/5(a) (West 2010). If a plaintiff has collected workers' compensation benefits pursuant to a settlement agreement approved by the Commission, he is precluded from suing for damages in a civil action. See *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 241-42 (1980).

¶ 15    If we were faced with a situation in which the plaintiff had filed a workers' compensation action against both CENTRO and IPSA seeking benefits for the injuries he sustained on November 2, 2011, and subsequently entered into a settlement contract with both, which provided for the payment of benefits pursuant to the Act and that settlement agreement was approved by the Commission, we would have no difficulty affirming the summary judgment entered in favor of IPSA predicated upon the exclusive remedy provision of the Act. In such a circumstance, the plaintiff, having sought benefits under the Act against CENTRO and IPSA on

the ground that he was injured in the course of his employment and having entered into a lump-sum settlement agreement resolving the workers' compensation claim, would be barred under the doctrines of judicial estoppel and *res judicata* from adopting a contrary position in a subsequent civil action against IPSA for the same injuries and relitigating his employment status in an attempt to avoid the exclusive remedy provision of the Act. *Esposito v. Dior Builders*, 274 Ill. App. 3d 338, 345-47 (1995); *Paluch v. Dever*, 243 Ill. App. 3d 334, 337-38 (1993); *Mijatov v. Graves*, 188 Ill. App. 3d 792, 796 (1989). To the extent that the holding in *Gray v. National Restoration Systems, Inc.*, 354 Ill. App. 3d 345 (2004), would yield a contrary result, we decline to follow it.

¶ 16    In *Gray v. National Restoration Systems, Inc.*, the plaintiff, Valerie Gray, filed a workers' compensation action with the Commission on October 5, 1995, against " 'National Resurfacing, Inc. d/b/a National Restoration Systems' " by reason of the death of her husband resulting from an explosion at his place of employment. 354 Ill. App. 3d at 350. On June 25, 1997, Gray also brought an action in the circuit court against " 'National Restoration Systems, Inc. f/k/a National Resurfacing Inc.,' " and others grounded in allegations of negligence which resulted in the death of her husband (civil action). *Id.* at 351. On March 1, 2000, the Commission approved a "Settlement Contract Lump-Sum Petition and Order" captioned as " 'Valerie Gray, widow of William Gray, deceased v. National Restoration Systems, Inc. a/k/a National Resurfacing, Inc.,' " which provided that " 'William Gray's employer, National Restoration, Inc., to pay and petitioner to accept $220,000 in full and final settlement of any and all claims under the Worker's Compensation and Occupational Disease Acts for all accidental injuries allegedly incurred as described herein.' " *Id.* Thereafter, on March 10, 2000, " 'National Restoration Systems, Inc. f/k/a National Resurfacing, Inc.' " (*id.*), filed a motion in the civil action pursuant

to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2002)), seeking to be dismissed based upon Gray's settlement of the workers' compensation action and the exclusive remedy provision of the Act. The circuit court granted that motion on May 31, 2000. Following the resolution of the remaining claims, Gray appealed the circuit court's order dismissing National Restoration Systems, Inc. *Gray*, 354 Ill. App. 3d at 349-54.

¶ 17    Relying upon our supreme court's decision in *Laffoon v. Bell & Zoller Coal Co.*, 65 Ill. 2d 437 (1976), a different division of this district of the Illinois Appellate Court reversed the circuit court's order dismissing National Restoration Systems, Inc., finding that a question of fact existed on the question of whether the decedent was an employee of National Restoration Systems, Inc. or National Resurfacing, Inc., at the time of the accident resulting in his death. *Gray*, 354 Ill. App. 3d at 355. The *Gray* court found that neither the doctrine of judicial estoppel nor the doctrine of *res judicata* would bar Gray from pursuing a civil suit against National Restoration Systems, Inc., notwithstanding the fact that she had received workers' compensation benefits from National Restoration Systems, Inc., pursuant to a settlement agreement which had been approved by the Commission. *Id.* at 356-57. We believe that the flaw in the *Gray* court's reasoning is twofold. First, the *Gray* court failed to recognize that *Laffoon*, which held that section 5(a) of the Act is to be interpreted as conferring immunity upon employers only from common law or statutory actions for damages by their immediate employers, was decided in the context of the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, ¶ 60 *et seq.*) claims brought by injured workmen against general contractors who were not their employers but who were, nevertheless, required to pay them benefits pursuant to section 1(a)(3) of the Act (Ill. Rev. Stat. 1975, ch. 48, ¶ 138.1(a)(3)) by reason of their immediate employers' failure to carry workers' compensation insurance. *Laffoon*, 65 Ill. 2d at 440-43. Our supreme court held that, since the

general contractors who had paid the injured workmen benefits pursuant to the Act were not their employers, they were not entitled to immunity from suit afforded by the exclusive remedy provisions of the Act. *Laffoon*, 65 Ill. 2d at 445-47. The facts in *Gray* are readily distinguishable from those present in *Laffoon* as National Restoration Systems, Inc., paid Gray benefits under the Act as the decedent's employer (see *Gray*, 354 Ill. App. 3d at 351) and not as a nonemployer obligated to pay benefits under section 1(a)(3) of the Act. Second, in concluding that neither the doctrine of judicial estoppel nor the doctrine of *res judicata* would bar Gray from pursuing a civil suit against National Restoration Systems, Inc., the *Gray* court seemingly ignored the fact that Gray filed her workers' compensation claim against " 'National Resurfacing Inc. d/b/a National Restoration Systems' " and settled that claim pursuant to a settlement contract captioned " 'Valerie Gray, widow of William Gray, deceased v. National Restoration Systems, Inc. a/k/a National Resurfacing, Inc.,' " which provided that William Gray's employer was " 'National Restoration, Inc.' " *Gray*, 354 Ill App. 3d at 350-51. The doctrine of judicial estoppel provides that when a party asserts a certain position in a legal proceeding, that party is precluded from asserting a contrary position in a subsequent proceeding. *Mijatov*, 188 Ill. App. 3d at 796. Having filed a workers' compensation claim against an entity doing business as " 'National Restoration Systems' " by reason of the death of her husband which arose out of and in the course of his employment and having settled that claim with " 'National Restoration Systems, Inc.,' " Gray should have been judicially estopped from asserting in her civil action that her husband was not in the employ of " 'National Restoration Systems, Inc.' " at the time of his death. Additionally, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive of the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim demand or cause of action, and that bar

extends not only to what was actually determined in the former action, but also to any matter that properly could have been raised and determined. *Gray*, 354 Ill. App. 3d at 351; *Esposito*, 274 Ill. App. 3d at 346; *Paluch*, 243 Ill. App. 3d at 338. The settlement contract, which resolved Gray's workers' compensation claim, specifically provides that her deceased husband's employer was "National Restoration, Inc.," and that settlement contract became the award of the Commission upon its approval. *Mijatov*, 188 Ill. App. 3d at 796. Consequently, Gray should have been barred by the doctrine of *res judicata* from relitigating the issue of whether "National Restoration Systems, Inc.," was her husband's employer at the time of his death. Our analysis in this regard leads us to conclude that *Gray* was wrongly decided and we, therefore, decline to follow its holding.

¶ 18    Turning back to the propriety of the summary judgment granted in favor of IPSA in this case, we are not faced with a fact situation that is totally analogous to the facts present in *Esposito*, *Paluch* and *Mijatov*. The plaintiff in this case never filed a workers' compensation claim against IPSA; rather, he filed his claim against CENTRO. According to the deposition testimony of Salvatore Martorina, the president of IPSA, it was Munoz, the president of the CENTRO, who instructed CENTRO's attorney to include his name and the name of IPSA in the settlement contract. He stated that the attorneys representing CENTRO did not represent him or IPSA. According to Salvatore Martorina, Munoz told him that his name and the name of IPSA had been included in the settlement contract after it had been done. Further, an examination of the settlement contract reveals that it was not signed by either Salvatore Martorina or anyone on behalf of IPSA.

¶ 19    We find nothing in the record supporting the proposition that the plaintiff ever asserted in the workers' compensation claim that he was injured while acting as an employee of IPSA, and,

other than in the caption, the settlement contract does not contain any provision that identifies IPSA as the plaintiff's employer. Consequently, we do not believe that the doctrine of judicial estoppel precludes the plaintiff from asserting in this action that he was not an employee of IPSA at the time of his injury on November 2, 2011. Further, since the record fails to reflect that IPSA was ever made a party to the plaintiff's workers' compensation claim, the commonality of parties necessary for the application of the doctrine of *res judicata* to the position taken by the plaintiff concerning his employment status is absent.

¶ 20    Based upon the foregoing analysis, we conclude that the plaintiff is not precluded from suing IPSA for damages in a civil action by reason of his having settled his workers' compensation claim. Further, since, as the circuit court found, there is a genuine issue of fact on the question of whether the plaintiff was a borrowed employee in the service of IPSA at the time of his injury, we conclude that the circuit court erred in granting summary judgment in favor of IPSA.

¶ 21    We wish to be clear in our holding. We have held only that the plaintiff's employment status is a disputed issue of fact that has yet to be resolved. If the trier of fact were to determine that, at the time of his injury on November 2, 2011, the plaintiff was a borrowed employee in the service of IPSA, section 5(a) of the Act would stand as a bar to his right to recover damages in this action against IPSA.

¶ 22    For the reasons stated, we affirm the summary judgment entered by the circuit court in favor of Martorina Family, LLC, reverse the summary judgment entered in favor of IPSA, and remand this matter to the circuit court for further proceedings.

¶ 23    Affirmed in part and reversed in part; cause remanded.