COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. WAGNER'S BULLDOZING *et al.*, Defendants-Appellants.

Fourth District   No. 4—88—0615

Opinion filed February 9, 1989.

Mike McElvain, of Law Office of Mike McElvain, of Bloomington, for appellants.

Heyl, Royster, Voelker & Allen, of Peoria (Gary D. Nelson and Bradford B. Ingram, of counsel), for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff Country Mutual Insurance Company filed a declaratory judgment complaint against defendants, Wagner's Bulldozing and Ruth Wagner, widow of Wayne Wagner, seeking a determination it had no responsibility to defend Wagner's Bulldozing or pay any benefits to Ruth Wagner under a standard workers' compensation insurance policy issued to Wagner's Bulldozing. Judgment was entered in favor of plaintiff and defendants appeal. At issue is an interpretation of several amendments to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*), which became effective in 1983 and whether, by reason of these amendments, Wayne Wagner was entitled to coverage under the workers' compensation policy issued by plaintiff.

Prior to 1983 sole proprietors and partners could not elect to be covered by workers' compensation insurance in Illinois. Public Act 83—190, effective August 31, 1983 (1983 Ill. Laws 1693), amended the compensation act to permit such coverage under certain conditions. Two types of employments are distinguished under the compensation act; those for which the employer may elect to provide coverage and those which by their very nature are defined as extrahazardous, making coverage automatic and mandatory without exception. The 1983 amendments apply to both classes of employments. Section 1(b)(3) of the Act states:

> "Every sole proprietor and every partner of a business *may elect to be covered by this Act.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1(b)(3).)

The methods by which this election may take place are set forth in section 2 of the Act. However, section 2 is specifically restricted to those employers not covered by section 3 of the Act (Ill. Rev. Stat. 1987, ch. 48, pars. 138.2, 138.3).

Section 3 is directed exclusively to extrahazardous occupations and states in pertinent part:

> "The provisions of this Act hereinafter following shall apply automatically and without election to *** employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely:
> ***
> (2) Construction, *excavating* or electrical work." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 48, par. 138.3(2).)

The amendment relating to sole proprietors in extrahazardous employments is contained in section 3(20) and states:

"Nothing contained in this Act shall be construed to apply to any sole proprietor or partner who *elects not to provide and pay compensation* for accidental injuries sustained by himself, arising out of and in the course of the employment according to the provisions of this Act." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 48, par. 138.3(20).

Because decedent's occupation, excavation, was specifically defined as extrahazardous, he purchased compensation insurance in 1978 to cover the employees he might hire on an excavation project. No change in the basic coverage was ever expressly sought after the initial policy was purchased. The policy permitted plaintiff to audit decedent's records after the expiration of the policy period to determine whether additional premiums were due if the wages actually paid to additional employees exceeded the amount set forth in the declaration of the policy. Decedent renewed the policy annually, with the last renewal occurring on March 1, 1984, by mail from decedent to the home office of Country Mutual. Decedent died June 12, 1984, from a heart attack and his widow filed a claim for benefits with the Industrial Commission.

The parties agree that after the adoption of Public Act 83—190 in August 1983, Country Mutual began informing its agents, first by notice dated January 27, 1984, that sole proprietors could receive coverage under the compensation act. Certain forms were later produced, and on April 20, 1984, Country Mutual again updated its agents with respect to this change in the legislation. A notice to policyholders at approximately the same time made reference to the new potential coverage. It is largely undisputed decedent did not receive a copy of this notice as it was prepared after his policy was renewed on March 1, 1984, some six months after the effective date of the amendments.

Defendants contend the 1983 amendments set up two distinct methods for permitting sole proprietors the voluntary option of electing coverage under the Act. For those employments which are not extrahazardous, the sole proprietor is permitted under section 1 of the Act to make an election to obtain coverage under any of the various ways enumerated in section 2 of the Act. For those occupations which are extrahazardous and automatically covered, the sole proprietor must elect to opt out of the coverage under section 3 of the Act.

In contrast, plaintiff, relying solely on section 1 of the Act, argues no sole proprietor is automatically covered by virtue of the amendments and every sole proprietor who wishes to be covered must make an affirmative election to that effect. Plaintiff points to a comment

during the legislative debate on the amendments in which a sponsor of the bill stated:

> "It's important to emphasis [*sic*] this is permissive legislation. The persons it applies to have the option of covering themselves. It's not mandatory." (83d Ill. Gen. Assem., House Proceedings, June 17, 1983, at 91 (statements of Representative Pederson).)

While this comment lends support to plaintiff's argument, the specific statutory language does not.

If a sole proprietor of an extrahazardous employment was not automatically covered by virtue of section 3 of the Act, there is no rational reason why he would need to make an affirmative election not to be covered under the express terms of section 3(20) of the Act. He would simply do nothing if he did not want coverage. Plaintiff's interpretation of the amendment to section 1 of the Act would render section 3(20) meaningless.

The parties make much of whether an election of any sort occurred in this case. Plaintiff argues the evidence tends to suggest claimant did not desire coverage under the Act because he purchased health and life insurance for himself. This argument is not persuasive since prior to 1983 this was claimant's only option given his status as a sole proprietor. If anything, the purchase of alternative coverage indicates decedent intended to insure himself in the event of injury. Decedent was not aware of the statutory amendment and the additional option now afforded him. It is not reasonable to suggest an election has been made when a person does not know he has a choice to make.

Plaintiff's further argument that coverage for decedent was never contemplated by any of the parties and decedent paid no premium for coverage for himself is also unpersuasive. In the first instance, decedent was unaware of the revision in the law while plaintiff was aware, or should have been. Second, the policy does not require that the employer specifically identify particular employees for which coverage is sought. Rather, the contract contemplates an after-the-fact determination of the extent of the risk by an audit of decedent's records of wages paid.

The question remains, however, whether decedent was covered under the insurance policy issued in March 1984 after the effective date of the statutory amendment. The policy of insurance issued by plaintiff contains the following provisions:

> "[The Company agrees with the insured to] pay promptly when due all compensation and other benefits required of the INSURED by the Workers' Compensation Law.

* * *

The COMPANY shall be directly and primarily liable to any person entitled to the benefits of the Workers' Compensation Law under this policy.

* * *

All of the provisions of the Workers' Compensation Law shall be and remain a part of this policy as fully and completely as if written herein, so far as they apply to compensation and other benefits provided by this policy and to special taxes, payments into security or other special funds, and assessments required of or levied against compensation insurance carriers under such law.

* * *

Terms of this policy which are in conflict with the Workers' Compensation Law are hereby amended to conform to such law."

All contracts are presumed to have been executed in light of existing law. (*Smiley v. Estate of Toney* (1968), 100 Ill. App. 2d 271, 241 N.E.2d 116.) It is also clearly the law in this State that a contract of annually renewable insurance forms a new contract at each renewal for the purpose of incorporating into the contract the statutory provisions enacted after the creation of the original contract relationship. (*Thieme v. Union Labor Life Insurance Co.* (1956), 12 Ill. App. 2d 110, 138 N.E.2d 857.) As is stated in Appleman's treatise on insurance:

"As the business of insurance is subject to legislative regulation, an insurer cannot complain of valid statutes in existence and governing its contract at the time it was made. The statutory law in force and effect at the time of the issuance of a policy becomes a part of the contract as though expressly written therein, and a policy must be considered to contain those requirements.

* * *

*** Statutes subsequently enacted ordinarily do not affect contractual rights, *** however, where an existing policy is renewed, although the results vary, the better rule is to regard the statute as applicable to the extended contract." 12 J. Appleman, Insurance Law & Practice §7041, at 166-76 (1981).

In this case, plaintiff was aware of the statutory amendment prior to renewal of the policy in 1984. Decedent was not. By virtue of the extrahazardous nature of his occupation, decedent was automatically covered unless he affirmatively elected to opt out of coverage under

the Act. Because he was unaware of the amendment and option it provided him, decedent made no such election. Since the policy issued by plaintiff specifically states all provisions of the compensation law are applicable and the carrier agreed to compensate all employees covered by the law, by virtue of decedent's automatic coverage under section 3 of the Act, the contract of insurance issued by plaintiff covered decedent as a matter of law. Since the presumption is that all contracts have been executed in light of existing law and the plaintiff knew of the amendment six months before issuing the policy, plaintiff has not overcome the presumption.

Based on the foregoing, we conclude decedent was covered, as a matter of law, by the contract of insurance issued by plaintiff to Wagner's Bulldozing. Accordingly, the judgment of the McLean County circuit court is reversed.

Reversed.

McCULLOUGH, P.J., and GREEN, J., concur.