WAUSAU GENERAL INSURANCE COMPANY, Plaintiff-Appellee, v. KIM'S TRUCKING, INC., Defendant-Appellant.

First District (6th Division)    No. 1—96—2070

Opinion filed June 20, 1997.—Rehearing denied July 22, 1997.

Bernadette Garrison Barrett, of Barrett, Sramek & Jasinski, of Palos Heights, for appellant.

Edward S. Margolis, of Teller, Levit & Silvertrust, P.C., of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Defendant, Kim's Trucking, Inc. (Kim's), appeals from the trial court's order granting summary judgment in favor of plaintiff, Wausau General Insurance Company (Wausau), and denying Kim's cross-motion for summary judgment. Wausau sued Kim's to collect premiums allegedly due under two workers' compensation insurance policies issued to Kim's. Wausau successfully argued to the trial court that the insurance policies required Kim's to pay premiums for its own employees as well as for outside truck haulers hired by Kim's. On appeal, Kim's asserts that it is not liable for the premiums because the haulers were independent contractors. For the following reasons, we affirm.

Kim's Trucking, Inc., is an Illinois corporation. Kimberly Keyl-Bulmann is the president and sole officer. Kim's is in the business of "road construction trucking," that is "road construction which revolves around the hauling of asphalt, broken asphalt, excavated materials, sand and stone." According to the deposition testimony of Keyl-Bulmann, Kim's hauls construction materials and is not involved in the loading or unloading of those materials. When Kim's

has more work than its own employees can handle, it will hire outside haulers on a job-specific basis.

In April 1991, Kim's obtained a workers' compensation and employer liability insurance policy from Wausau General Insurance Company, a Wisconsin corporation. The policy was to insure all employees and drivers for an estimated annual premium of $6,262. The policy period was from April 1991 to April 1992 (1991-92 policy year). Kim's obtained a second policy in April 1992 to run from April 1992 to April 1993 (1992-93 policy year). During the 1991-92 policy year, Kim's retained three employees and contracted out for 13 additional haulers on an as-needed basis. During the 1992-93 policy year, Kim's retained three employees and contracted out for two additional outside haulers. During both policy years, Kim's paid the premiums for its retained employees.

Nevertheless, Wausau claimed that, under the terms of the insurance policies, Wausau was also entitled to premiums for the outside haulers unless Kim's could provide proof that they were insured elsewhere. Kim's produced certificates of insurance for a few of the outside haulers, but argued that the remaining entities were independent contractors, and, therefore, Kim's was not liable for their workers' compensation insurance. Wausau then filed suit to collect the additional premiums, alleging that Kim's owed $27,857 for the 1991-92 policy year and $5,553 for the 1992-93 policy year.

Wausau and Kim's filed cross-motions for summary judgment. In its summary judgment motion, Wausau argued that Kim's was engaged in excavation, an extrahazardous activity under the Workers' Compensation Act (the Act), which requires employers to provide automatic insurance coverage for their own employees as well as for the employees of any independent or subcontractors. Ill. Rev. Stat. 1991, ch. 48, par. 138.1(a)(3). As such, Wausau could be potentially liable for Kim's outside haulers and, thus, was entitled to recover insurance premiums from Kim's for the outside haulers.

In its response and cross-motion for summary judgment, Kim's argued that it was not engaged in excavation so as to require Kim's to provide automatic insurance coverage for employees of its independent contractors under the Workers' Compensation Act. In addition, Kim's claimed that Wausau had the burden of proving that the money was due and that Wausau had improperly tried to shift this burden. The trial court granted summary judgment in favor of Wausau in the amount of $32,437, plus court costs. On appeal, Kim's argues that the trial court erred by granting summary judgment in favor of Wausau and reasserts the arguments made to the trial court.

■ In reviewing a trial court's order granting summary judg-

ment, we examine the evidence and issues *de novo*. We consider all of the facts in the light most favorable to the nonmovant, in this case, Kim's Trucking. *Koehler v. Scandinavian Airlines Systems*, 285 Ill. App. 3d 520, 524, 674 N.E.2d 112, 116 (1996). Summary judgment is appropriate when the pleadings, depositions, and admissions on file demonstrate that there is no genuine issue of fact such that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1992).

Resolution of this case turns on interpretation of the insurance policies issued by Wausau to Kim's. The policy terms contained in part 5, relating to premiums, explain that premiums are calculated based on payroll:

"[A]nd all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations."

According to this language, Kim's must pay premiums for its employees as well as for "all other persons engaged in work that could make [Wausau] liable" to pay workers' compensation, unless Kim's could demonstrate those persons' workers' compensation obligations were otherwise "lawfully secured."

Thus, our first task is to determine the scope of the phrase contained in the policy, "all other persons engaged in work that could make [Wausau] liable." As used in this manner, "could" indicates less than certainty as to Wausau's liability. See Webster's Third New International Dictionary 517 (1981). By its broad terms, the policy does not require dispositive proof of liability but, rather, merely the possibility of liability on the part of Wausau.

■ Wausau claims that Kim's, which conducts "road construction trucking," is engaged in the business of either "excavating" or "construction" as contemplated by the Workers' Compensation Act. Ill. Rev. Stat. 1991, ch. 48, pars. 138.3(1), (2). Under the Act, either activity triggers the automatic insurance coverage provision of section 1(a)(3) requiring employers engaged in those activities to provide workers' compensation coverage for their own employees, as well as for employees of independent contractors and subcontractors. Ill. Rev. Stat. 1991, ch. 48, par. 138.1(a)(3).

Kim's argues that "road construction trucking" is not an extrahazardous activity as defined by the Act. Kim's contends that it hauls construction materials and is not engaged in the loading or unloading of those materials. Accordingly, Kim's contends that it is not engaged in construction or excavation. While we agree with Kim's that "road construction trucking" does not constitute "excavating" or "construction," we do find that such a pursuit constitutes the extrahazardous activity of "[c]arriage by land" under section 3(3) of the Act. Ill. Rev. Stat. 1991, ch. 48, par. 138.3(3).

■ In 1916, in *Parker-Washington Co. v. Industrial Board*, 274 Ill. 498, 113 N.E. 976 (1916), our supreme court affirmed a decision by the Industrial Board awarding a worker's compensation claim for an employee killed in the course of hauling crushed stone from a tunnel excavation to a nearby road paving site. *Parker-Washington Co.*, 274 Ill. at 500, 113 N.E. at 977. While the case was decided on different grounds, the court, in *dicta*, made the following observation:

> "We are of the opinion, also, that the occupation, enterprise[,] or business in which plaintiff in error was engaged at the time of the accident[,] *if it was not engaged in construction work but only in the hauling of this crushed stone, can fairly be held to come within the provisions of clause 3 of said paragraph (b),—that is, that it was engaged in a business or enterprise of carriage by land.*" (Emphasis added.) *Parker-Washington Co.*, 274 Ill. at 502, 113 N.E. at 978 (referring to provisions of the 1913 Workmen's Compensation Act).

We find no reason to depart from the court's almost century-old logic. Based on *Parker-Washington*, we hold that a business engaged solely in hauling is a business engaged in "carriage by land" pursuant to section 3(3) of the Act.

"Carriage by land" does not trigger the automatic insurance coverage provisions under section 1(a)(3) of the Act. Thus, Kim's is not automatically required to provide insurance coverage for independent and subcontractor employees. Our inquiry, however, is guided by the terms of the Wausau insurance policy, which are broader than the automatic insurance liability provisions of the Workers' Compensation Act. As framed, the question is for whom *could* Wausau be liable, not for whom is Wausau automatically liable.

Section 3 of the Act sets forth a list of business pursuits designated as extrahazardous, including "[c]arriage by land." Ill. Rev. Stat. 1991, ch. 48, par. 138.3. Under this section, employers are required to provide workers' compensation insurance for their own employees engaged in any of the enumerated extrahazardous

enterprises. Ill. Rev. Stat. 1991, ch. 48, par. 138.3. The Act defines both "employer" and "employee." Ill. Rev. Stat. 1991, ch. 48, pars. 138.1(a), (b). The definition of "employee" is to be broadly construed, and whether a worker is an employee or an independent contractor is a question of fact dependent on the particular circumstances. *Chicago Housing Authority v. Industrial Comm'n*, 240 Ill. App. 3d 820, 822, 608 N.E.2d 385, 387 (1992).

These provisions indicate that Wausau "could" be liable for workers' compensation for Kim's outside haulers. Kim's is engaged in "[c]arriage by land," an extrahazardous pursuit that requires Kim's, as an employer, to provide automatic coverage for its employees. Ill. Rev. Stat. 1991, ch. 48, par. 138.3. If the outside haulers hired by Kim's were found to be employees, which is a factual inquiry, then Wausau could be liable for their workers' compensation coverage. Given the broad language of the Wausau insurance policy and the broad coverage by the Act of extrahazardous enterprises, we find that Wausau has shown that Kim's outside haulers are "other persons engaged in work that *could* make [Wausau] liable." (Emphasis added.)

Accordingly, returning to the terms of the insurance policy, Kim's must provide proof to Wausau that "the employers of these persons lawfully secured their workers compensation obligations." Wausau argues that Kim's has not provided sufficient proof that the outside haulers' workers' compensation obligations were otherwise "lawfully secured." Kim's contends that it has satisfied this burden by explaining that the outside haulers are independent contractors. Kim's claims it can provide no other proof because, "[i]n the State of Illinois, an independent contractor is not entitled to compensation under the Workers' Compensation Act. *** As such, the owner/operator of the vehicle is not able to obtain a certificate of insurance for workers['] compensation. Thus, how can [Kim's] produce what the independent contractor cannot obtain."

Kim's argument misses the mark. The result in this case turns, not on the status of the outside haulers but, rather, on the extrahazardous nature of the activity. As an extrahazardous enterprise under the Act, "[c]arriage by land" requires automatic workers' compensation coverage of all persons engaged in that activity. Employers must cover all employees and sole proprietors must obtain coverage as well. Any sole proprietor who does not want coverage must affirmatively opt out of coverage. Ill. Rev. Stat. 1991, ch. 48, par. 138.3; *Country Mutual Insurance Co. v. Wagner's Bulldozing*, 179 Ill. App. 3d 710, 713-14, 534 N.E.2d 1040, 1043 (1989).

Consequently, contrary to Kim's position, the issue is not confined

to whether Kim's outside haulers were independent contractors. Because the outside haulers could be found to be either employees or independent contractors, the insurance policy terms require Kim's to demonstrate that their workers' compensation obligations were secured in one form or another. Kim's could show this in one of three ways. First, Kim's could pay the premiums for the outside haulers. Second, Kim's could provide Wausau with certificates of insurance indicating the outside haulers obtained insurance coverage elsewhere. Or, third, Kim's could provide Wausau with documentation that the outside haulers had affirmatively opted out of coverage pursuant to the Act.

After reviewing the record, we find that the trial court did not err in determining that Kim's did not provide sufficient proof to Wausau that the outside haulers' workers' compensation obligations were otherwise "lawfully secured." Accordingly, the trial court properly granted summary judgment in favor of Wausau and properly denied summary judgment in favor of Kim's.

Affirmed.

GREIMAN, P.J., and QUINN, J., concur.